**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| INNOVATIVE ENGINEERING & CONSULTING CORP., | ) CASE NO. 1:05 CV 0764 <br> ) <br> ) JUDGE O'MALLEY <br> ) |
| Plaintiff, | ) <br> ) MAGISTRATE JUDGE HEMANN |
| v. | ) <br> ) **DEFENDANT THOMAS J. HURLEY'S** |
| HURLEY & ASSOCIATES, INC., *et al.*, | ) **REPLY MEMORANDUM IN SUPPORT** <br> ) **OF HIS RULE 12(b)(2) MOTION TO** |
| Defendants. | ) **DISMISS** |

### I.  INTRODUCTION

In his opening brief in support of his motion to dismiss, Defendant Thomas J. Hurley ("Mr. Hurley") demonstrated that Count VI of Plaintiff Innovative Engineering & Consulting, Corp.'s ("IEC") Complaint should be dismissed because this Court lacks personal jurisdiction over Mr. Hurley. Specifically, Mr. Hurley demonstrated that this Court cannot exercise personal jurisdiction over Mr. Hurley based on the contacts Defendants Hurley & Associates, Inc. ("Hurley & Associates") and HurleyIR, Inc. ("HurleyIR") have with Ohio.

In its opposition, IEC argues that, under Federal Circuit precedent, this Court may exercise personal jurisdiction over Mr. Hurley because he directed several telephone calls and e-mails to IEC concerning his rights in certain intellectual property. IEC also argues that the fiduciary shield doctrine is inapplicable in this case. For the reasons explained below, both of these arguments fail. Accordingly, this Court should dismiss Count VI of IEC's Complaint.

### II.  ARGUMENT

Mr. Hurley is not subject to jurisdiction under Ohio's long-arm statute. Further, this Court cannot exercise jurisdiction over Mr. Hurley under constitutional principles of due process.

Accordingly, this Court may not exercise jurisdiction over Mr. Hurley.  *Hildebrand v. Steck Mfg. Co.*, 279 F.3d 1351, 1354 (Fed. Cir. 2003).[1]

### A. Mr. Hurley Is Not Subject to Jurisdiction Under Ohio's Long-Arm Statute.

IEC suggests that Mr. Hurley is subject to jurisdiction under the following section of Ohio's long-arm statute:

> (A) A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's:
> (1) Transacting any business in this state.

Ohio Rev. Code Ann. § 2307.382(A)(1).[2]  Under this section, IEC must show that Mr. Hurley transacted business in Ohio, and that its claim against Mr. Hurley arises from those business transactions.  *Stern's Dep't Stores*, 1999 WL 33471990, at *8; *see also Graphic Controls Corp. v. Utah Med. Prods., Inc.*, 149 F.3d 1382, 1386-88 (Fed. Cir. 1998) (applying a nearly identical provision of New York's long-arm statute).  IEC can show neither.

First, IEC cannot show that Mr. Hurley transacted business in Ohio.  As explained in his opening brief, Mr. Hurley has no meaningful contacts with Ohio and does not transact business in the state in his personal capacity.  (*See* Mem. Supp. Mot. to Dismiss at 2; Hurley Aff. ¶¶ 1-7.)  In its opposition, IEC contends only that Mr. Hurley had ongoing business relationships with

---

[1] IEC makes no contention that Mr. Hurley is subject to general jurisdiction in Ohio.  (*See* IEC's Opp'n at 16 ("It is these contacts that support this Court's specific jurisdiction over Hurley as to that claim.").)  Nor can it.  Mr. Hurley's minimal personal contacts with Ohio fall far short of the "continuous and systematic" contacts necessary for a court to find general jurisdiction over a party.  *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-16 (1984); *Stern's Dep't Stores, Inc. v. Herbert Mines Assoc., Inc.*, 1999 WL 33471990, at *10 (S.D. Ohio July 8, 1999).

[2] IEC argues that the Federal Circuit has given this clause of Ohio's long-arm statute "the greatest reach possible consistent with due process."  (IEC's Opp'n at 7.)  This is simply not the law.  In *Hildebrand*, the Federal Circuit recognized that "the General Assembly of Ohio did not intend the long-arm statute to extend to the limits of the due process clause."  279 F.3d at 1354 n.1 (citing *Goldstein v. Christensen*, 70 Ohio St. 3d 232, 638 N.E.2d 541 (1994)).

IEC and NASA in Ohio. (IEC's Opp'n at 9-10.) These business relationships, however, are between Hurley Associates, HurleyIR, IEC, and NASA. The business relationships are not between Mr. Hurley, in his individual capacity, and IEC and NASA. This distinction is critical. When determining whether an individual transacted business in Ohio for purposes of the long-arm statute, courts must examine the actions of the individual, not his or her business entities. *Interior Servs., Inc. v. Iverson*, 2003 WL 1093982, at *3 (Ohio Ct. App. Mar. 14, 2003).

IEC also cannot show that its cause of action arises out of any alleged business Mr. Hurley transacted in Ohio. IEC has asserted a single claim against Mr. Hurley—a claim for a declaratory judgment that: (1) Mr. Hurley is not a co-inventor of the technology described in a pending patent application; and (2) Mr. Hurley is not entitled to any rights under the patent application. (*See* Compl. ¶¶ 38-44; *ad damnum* clause.) This claim arises exclusively from several alleged telephone calls and e-mails from Mr. Hurley to IEC concerning Mr. Hurley's rights in certain intellectual property.[3] (*See* Compl. ¶¶ 16, 40; IEC's Opp'n at 3, 5, 8, 13, 16; Pettegrew Aff. ¶ 18 & Ex. A; Stepnowski Aff. ¶¶ 8-16 & Exs. B-D.)

These isolated communications concerning Mr. Hurley's rights in certain intellectual property do not amount to "transacting business" under Ohio's long-arm statute. *See Hildebrand*, 279 F.3d at 1354-55 (finding that warning letters coupled with offers to negotiate do not amount to transacting business under Ohio's long-arm statute); *Stern's Dep't Stores*, 1999

---

[3] IEC also contends that Count VI is based on two other facts.: (1) Mr. Hurley allegedly has threatened to "disclose prior art" that would interfere with an IEC patent; and (2) Mr. Hurley allegedly has demanded source codes to certain intellectual property pursuant to a written agreement between the parties. (IEC's Opp'n at 4-5.) Neither of these alleged facts, however, is relevant to IEC's request for declaratory judgment that Mr. Hurley is not a co-inventor of, and has no rights in, the technology described in the pending patent application. Moreover, these communications do not satisfy the "transacting business" requirement of Ohio's long-arm statute. *See Stern's Dep't Stores*, 1999 WL 33471990, at *5 (defining transacting business).

WL 33471990, at *5 (defining transacting business); *Iverson*, 2003 WL 1093982, at *4 (finding that an individual defendant's payment of corporate debt via two wire transfers was not transacting business under Ohio's long-arm statute). Thus, IEC's claim does not arise out of Mr. Hurley's transacting business in Ohio. *See Graphic Controls*, 149 F.3d at 1387-88 (finding that a claim based on cease and desist letters did not arise out of the defendant's business transactions for purposes of a state long-arm statute).

IEC points to no other provision of Ohio's long-arm statute that potentially could capture Mr. Hurley's alleged conduct. Indeed, it cannot. *See Hildebrand*, 279 F.3d at 1354-55 (explaining why letters concerning rights in intellectual property, standing alone, do not satisfy various provisions of the Ohio long-arm statue).

  **B.**  **Mr. Hurley Is Not Subject to This Court's Jurisdiction Pursuant to the Due Process Clause of the Fifth Amendment.**

This Court also cannot exercise jurisdiction over Mr. Hurley consistent with the Due Process Clause of Fifth Amendment of the United States Constitution. The Federal Circuit repeatedly has held that communications concerning a party's rights in intellectual property, standing alone, are not a sufficient basis for a court to exercise jurisdiction over that party. *E.g.*, *Red Wing Shoe Co., Inc. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355, 1360 (Fed. Cir. 1998). In *Red Wing*, the court explained:

> Thus, even though cease-and-desist letters alone are often substantially related to the cause of action (thus providing minimum contacts), the minimum requirements inherent in the concept of fair play and substantial justice defeat the reasonableness of jurisdiction. Principles of fair play and substantial justice afford a patentee sufficient latitude to inform others of its patent rights without subjecting itself to jurisdiction in a foreign forum. A patentee should not subject itself to personal jurisdiction in a forum solely by informing a party who happens to be located there of suspected infringement. Grounding personal

4

> jurisdiction on such contacts alone would not comport with principles of fairness.

148 F.3d at 1360-61 (internal citations, quotation marks, and alterations omitted); *see also Hildebrand*, 279 F.3d at 1356.

As explained above, IEC's claim against Mr. Hurley is based exclusively on communications he had with IEC concerning his rights in certain intellectual property. Accordingly, under the principles explained in *Hildebrand* and *Red Wing*, this Court cannot exercise personal jurisdiction over Mr. Hurley.

IEC relies on *Akro Corp. v. Luker*, 45 F.3d 1541 (Fed. Cir. 1995), and *Inamed Corp. v. Lubomyr*, 249 F.3d 1356 (Fed. Cir. 2001), to support its argument that Mr. Hurley's telephone calls and e-mails to IEC allow this Court to exercise jurisdiction over him. In these cases, however, the defendants had other personal contacts with the forum state upon which the plaintiffs based their claims. In *Akro*, the defendant sent numerous warning letters to the plaintiff in Ohio and personally entered into a license agreement for the patent at issue with one of the plaintiff's competitors in Ohio. 45 F.3d at 1546, 1548-49. Similarly, in *Inamed*, the defendant sent an infringement letter to the plaintiff in California, personally entered into an exclusive license agreement with the plaintiff concerning the patent at issue, and personally received substantial royalty payments pursuant to the license agreement from sales made in California. 249 F.3d at 1361.

In its opposition, IEC claims that Mr. Hurley has other contacts with Ohio that subject him to this Court's jurisdiction. Specifically, IEC claims that Mr. Hurley has had ongoing relationships with IEC and NASA in Ohio for a number of years. (IEC's Opp'n at 9-10.) As noted above, these business relationships are between IEC, NASA, Hurley & Associates, and

HurleyIR, not between Mr. Hurley and IEC and NASA.  This Court cannot exercise personal jurisdiction over Mr. Hurley based on the contacts Hurley & Associates and HurleyIR have with Ohio.  *See Balance Dynamics Corp. v. Schmitt Indus.*, 204 F.3d 683, 697-98 (6th Cir. 2000).  Moreover, IEC has not based its claim against Mr. Hurley on the business relationships between Mr. Hurley's companies and IEC and NASA.  Rather, as also explained above, IEC's claim against Mr. Hurley is based exclusively on limited communications Mr. Hurley had with IEC concerning Mr. Hurley's rights in certain intellectual property.[4]

### III. CONCLUSION

For the above reasons, as well as those in his opening Memorandum in Support of his Rule 12(b)(2) Motion to Dismiss, Mr. Hurley respectfully asks this Court to dismiss Count VI for lack of personal jurisdiction over Mr. Hurley in his individual capacity.

---

[4] IEC seems to concede this point in its opposition:  "[W]hen [Mr. Hurley] claims to have rights in IEC's intellectual property, he makes those claims not on behalf of his companies, *but in his individual capacity only.  It is those claims and threats that Hurley personally made that give rise to IEC's declaratory judgment claim.*"  (IEC's Opp'n at 13 (emphasis in original); *see also* IEC's Opp'n at 16.)

6

        Respectfully submitted

        /s/ Hugh E. McKay
        Hugh E. McKay (0023017)
        Howard G. Strain (0069262)
        PORTER WRIGHT MORRIS & ARTHUR LLP
        925 Euclid Avenue, Suite 1700
        Cleveland, Ohio 44115-1483
        216-443-9000/Fax 216-443-9011
        hmckay@porterwright.com
        hstrain@porterwright.com

        *Attorneys for Defendants*
        *Hurley & Associates, Inc., HurleyIR, Inc. and*
        *Thomas J. Hurley*

*Of Counsel:*
James D. Mathias
John R. Wellschlager
DLA PIPER RUDNICK GRAY CARY US LLP
6225 Smith Avenue
Baltimore, Maryland 21209
(410) 580-3000

## CERTIFICATE OF SERVICE

I certify that on July 22, 2005, a copy of the foregoing Defendant Thomas J. Hurley's Reply Memorandum in Support of his Rule 12(b)(2) Motion to Dismiss was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's system.

          /s/ Hugh E. McKay
          *One of the Attorneys for the Defendants*