IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| INNOVATIVE ENGINEERING & CONSULTING, CORP. | CASE NO. 1:05 CV 0764 |
| Plaintiff | JUDGE O'MALLEY |
| v. | MAGISTRATE JUDGE HEMANN |
| HURLEY & ASSOCIATES, INC., et al. | MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' RULE 16(f) MOTION FOR SANCTIONS |
| Defendants | |

## I. INTRODUCTION

On November 21, 2005, Defendants Hurley & Associates, Inc., HurleyIR, Inc., and Thomas J. Hurley (collectively "Hurley"), along with their attorneys, attended a court-ordered mediation conference with Magistrate Judge Hemann. Pursuant to court order, two corporate representatives with full settlement authority attended on behalf of Hurley. Plaintiff Innovative Engineering & Consulting Corp. ("IEC"), along with its attorneys, also attended the mediation conference. No one attending the conference on behalf of IEC, however, had full settlement authority. Because IEC's conduct violated both this Court's Case Management Plan and Magistrate Judge Hemann's October 25, 2005 Standing Order, and significantly hampered the mediation conference, IEC should be required to pay the attorneys' fees and reasonable costs Hurley incurred preparing for and participating in the mediation conference.

## II. FACTUAL BACKGROUND

On October 19, 2005, the Court held a Case Management Conference with the attorneys for Hurley and IEC. During the Case Management Conference, the Court suggested that the parties participate in a mediation conference with Magistrate Judge Hemann. The parties agreed.

Following the Case Management Conference, the Court issued a Case Management Plan. The Case Management Plan provides:

> This case is suitable for reference to an Alternative Dispute Resolution (ADR) program. The Court hereby refers this case to Mediation, to occur by 12/15/05 (but as soon as possible) and to be conducted by M.J. Hemann. Parties with full settlement authority **must attend** these proceedings.

(Emphasis in original.)

On October 25, 2005, Magistrate Judge Hemann issued a Standing Order for Settlement Conferences. That order provides:

> **2. Attendance of Parties Required. Parties with ultimate settlement authority must be personally present.** An insured party shall appear by a representative of the insurer who is authorized to negotiate and who has **authority to settle the matter up to the limits of the opposing party's settlement demand.** An uninsured corporate party shall appear by a representative authorized to negotiate and who has **authority to settle the matter up to the amount of the opposing party's existing settlement demand or offer.** Having a client with authority available by telephone is **NOT** an acceptable alternative.

(Emphasis in original.)

On November 11, 2005, IEC provided Hurley with its mediation statement. On the same day — a mere five business days prior to the mediation conference — IEC also filed a motion seeking leave to file an amended complaint. In its amended complaint, IEC attempted to add personal liability claims against Tom Hurley.

On November 16, 2005, Hurley provided IEC with its position statement. Hurley and its attorneys spent substantial time and resources preparing a detailed factual and legal explanation of its position. Hurley hoped that such a detailed explanation of the facts and law would help achieve its goal of reaching a reasonable resolution of this dispute without having to engage in protracted litigation.

2

Apparently, Hurley's position statement did not have the desired effect. On November 18, 2005 — near the close of business on the Friday before a Monday mediation — IEC's attorney sent Hurley's attorneys the following e-mail:

> -----Original Message-----
> From: LaCerva, Anthony <ALaCerva@Calfee.com>
> To: Wellschlager, John R. <john.wellschlager@dlapiper.com>
> CC: McKay, Hugh E. <HMcKay@porterwright.com>
> Sent: Fri Nov 18 16:17:47 2005
> Subject: RE: IEC v. Hurley - Response to settlement demand
>
> John -- I was out and just now finished reading your letter. My thoughts are: I wonder why you asked for the mediation conference and why you are coming to Cleveland. As far as we're concerned, we don't want to waste our time or our client's money. Let me know promptly what you think. If you want to call it off, let's do so now. **If you still want to come, make sure there's money in one of your suitcases**.

(Emphasis added.)

On November 21, 2005, the parties met in Magistrate Judge Hemann's chambers for the mediation conference. The parties spent all day with Magistrate Judge Hemann attempting to reach a resolution of the dispute.

Unbeknownst to both Hurley and Magistrate Judge Hemann until the very end of the day, none of the representatives attending the mediation conference on behalf of IEC had true settlement authority. Apparently, the only individual at IEC with final settlement authority was Rick Pettegrew (one of IEC's founders), who failed to attend the mediation. IEC's representatives had to make telephone calls to Mr. Pettegrew as the parties exchanged meaningful settlement numbers.

III.    LAW AND ARGUMENT

Federal Rule of Civil Procedure 16 provides that a court may award sanctions, including attorneys' fees and reasonable expenses, if a party fails to obey a scheduling or pretrial order. Fed. R. Civ. P. 16(f). *See generally* 6A Charles Alan Wright et al., *Federal Practice and Procedure* § 1531 (2d ed. 1990). Pursuant to this Rule, numerous courts have sanctioned parties when an individual with final settlement authority fails to attend court-ordered mediations. *See, e.g., Nick v. Morgan's Foods, Inc.*, 270 F.3d 590, 594-95 (8th Cir. 2001); *Performance Chevrolet, Inc. v. Market Scan Info. Sys.*, 2005 WL 1768650, at *4 (D. Idaho July 25, 2005)[1]; *St. Paul Fire & Marine Ins. Co. v. CEI Florida, Inc.*, 152 F.R.D. 95, 100 (E.D. Mich. 1993). This Court's local rules, moreover, authorize the Court to sanction a party when a corporate representative with "full authority to settle" fails to attend a scheduled mediation conference. L.R. 16.6(f).

On October 19, 2005, the Court issued a Case Management Plan directing the parties to participate in a mediation conference with Magistrate Judge Hemann. The Case Management Plan specifically provides: "Parties with full settlement authority **must attend** these proceedings." (Emphasis in original.) Magistrate Judge Hemann also issued an order requiring an individual with full settlement authority to attend the mediation conference. Magistrate Judge Hemann's order further specifically provided: "Having a client with authority available by telephone is **NOT** an acceptable alternative." (Emphasis in original.)

IEC failed to follow both the Court and Magistrate Judge Hemann's orders. IEC also failed to inform the Court or Magistrate Judge Hemann of the fact that no one attending the mediation on behalf of IEC had true settlement authority. Indeed, Magistrate Judge Hemann and

---

1.    Attached as Exhibit A.

4

Hurley first learned of IEC's failure to send a representative with true settlement near the end of the mediation.

Hurley is concerned about IEC's conduct for three reasons in addition to the fact that IEC's conduct amounts to a blatant disregard of this Court's orders. First, Hurley is concerned about Mr. Pettegrew's failure to attend the mediation conference because he was effectively shielded from Magistrate Judge Hemann and her neutral evaluation of the case. Nothing is more valuable in settlement negotiations than a neutral, unbiased individual offering her informed opinions of the case. Indeed, Hurley readily agreed to mediation in the hope that IEC's decision-maker might come to appreciate (through hearing from someone other than IEC's attorneys) the myriad deficiencies in IEC's claims. Hurley believes that this case now will be even more difficult to resolve as a result of Mr. Pettegrew not having the benefit of hearing Judge Hemann's thoughts about the case

Second, IEC's refusal to send an individual with true settlement authority to the mediation conference suggests that IEC did not take the mediation seriously. A meaningful settlement opportunity cannot occur in the absence of individuals with the true authority to settle a case. *See CEI Florida*, 152 F.R.D. at 98 ("[The Court] can insure that a meaningful opportunity for settlement takes place by requiring all of the parties and their counsel to appear together at least once . . . ."). Indeed, IEC's pre-mediation conduct, including its filing of an amended complaint adding personal liability claims against Tom Hurley five business days prior to the mediation, filing a Motion to Compel days before the mediation that conveniently bypassed the provisions of Local Rule 37.1 in order to have it docketed in advance of the mediation, and sending the "suitcase full of money" e-mail, suggests that IEC treated the

5

mediation as an opportunity to intimidate Hurley and not as an opportunity to sincerely mediate this dispute.

Lastly, Hurley spent a significant amount of money to enable its attorneys to prepare a detailed mediation statement, prepare for the mediation conference, and attend the mediation conference. Hurley's representatives and attorneys took time out of their personal and professional schedules to fly from Baltimore on a Sunday night and attend an all-day mediation. IEC should have afforded Hurley the simple courtesy of having someone with true settlement authority at the mediation conference. *See Turner v. Young*, 205 F.R.D. 592, 596 (D. Kan. 2002) ("Any party that devotes its time, resources, and efforts to send an authorized representative to a mediation session should be able to expect the same courtesy from all other parties.").

The consequences of IEC's conduct are a loss for everyone involved — Hurley and IEC are going to have to spend significant sums of financial and emotional capital in protracted litigation, and the Court (having already lost a day of Judge Hemann's time) is going to have to use its limited resources resolving disputes it should not have to hear.

## IV. CONCLUSION

For the foregoing reasons, Hurley respectfully requests that this Court sanction Plaintiff and award Hurley its costs and attorneys fees associated with the court-ordered mediation.[2]

---

2. Hurley will await direction from the Court before submitting affidavit evidence of fees and costs.

                                                      Respectfully submitted,

Dated: November 23, 2005                    /s/ *Howard G. Strain*
                                                Hugh E. McKay (0023017)
                                                Howard G. Strain (0069262)
                                                PORTER WRIGHT MORRIS & ARTHUR LLP
                                                925 Euclid Avenue, Suite 1700
                                                Cleveland, Ohio 44115-1483
                                                Telephone: 216.443.9000
                                                Facsimile: 216.443.9011
                                                hmckay@porterwright.com
                                                hstrain@porterwright.com

                                                John R. Wellschlager
                                                Strider L. Dickson
                                                DLA PIPER RUDNICK GRAY CARY US LLP
                                                6225 Smith Avenue
                                                Baltimore, Maryland 21209-3600
                                                Telephone: 410.580.3000
                                                Facsimile: 410.580.3001

                                                *Attorneys for Defendants Hurley &*
                                                *Associates, Inc. and HurleyIR, Inc.*