IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| INNOVATIVE ENGINEERING & CONSULTING CORP., | ) ) ) | CASE NO. 1:05CV0764 |
| Plaintiff, | ) ) | JUDGE O'MALLEY |
| | ) ) | MAGISTRATE JUDGE HEMANN |
| v. | ) ) | REPORT AND RECOMMENDATION |
| HURLEY & ASSOCIATES, INC., et al., | ) ) | |
| Defendants. | ) | |

Pending before the court on referral is Defendants' Rule 16(f) Motion for Sanctions. Plaintiff opposes the motion. For the reasons set forth below, the magistrate judge recommends that the court grant the motion.

I.

Defendants' motion arises out of the a court-ordered mediation conducted by this court on November 21, 2005. Thus this court is very familiar with those proceedings as well as the conduct of all of the participants.

Judge O'Malley conducted a case management conference on October 19, 2005, at which time the case was referred to this court for mediation. Judge O'Malley requested that the mediation be held prior to December 15, 2005; on October 25 this court issued its Standing Order

for Settlement Conferences setting a date of November 16. The conference was subsequently rescheduled to November 21. On November 11 plaintiff filed a Motion for Leave to File First Amended Complaint. Plaintiff stated that the purpose of the amended complaint was to add an additional claim under the Lanham Act and to fortify its claims against Thomas Hurley in his individual capacity.[1] Four days later, on November 15, plaintiff filed a Motion to Compel Discovery.[2]

On November 11, in compliance with the court's Standing Order, plaintiff served defendants with its mediation statement. Defendants replied to the mediation statement on November 16. On November 18 counsel for plaintiff, Anthony LaCerva, sent the following email to counsel for defendants:

> John - - I was out and just now finished reading your letter. My thoughts are: I wonder why you asked for the mediation conference and why you are coming to Cleveland. As far as we're concerned, we don't want to waste our time or our client's money. Let me know promptly what you think. If you want to call it off, let's do so now. If you still want to come, make sure there's money in one of your suitcases.

On November 21 plaintiff was represented by Mr. LaCerva and Alexander Gertsburg and two of its four "partners."[3] The court was informed that the other two "partners" would be contacted by telephone during the course of the day and in fact one "partner," Rick Pettigrew, was

---

[1] Defendant Hurley had filed a motion to dismiss for lack of personal jurisdiction pursuant to Federal Rule 12(b)(2) based on allegations in Count IV of the original complaint.

[2] Plaintiff had not complied with the Local Rules of Court prior to filing the motion. Defense counsel contended at the settlement conference that he had produced all relevant documents.

[3] The court understands that plaintiff is a corporation. Plaintiff's counsel and the representatives of plaintiff, however, repeatedly referenced four "partners" at the settlement conference.

contacted repeatedly. Defendants appeared with lead and local counsel as well as Mr. and Mrs. Hurley.

During the course of lengthy discussions, it became apparent that there were four main issues to be resolved: 1) payment of cash by defendants to plaintiff; 2) disposition of "product" in the hands of plaintiff; 3) relief of defendants from threat of suit for use of off-the-shelf products that might be covered by plaintiff's existing or pending patents; and 4) a nondisparagement agreement. Each of these issues was discussed by the court separately with the parties and their counsel. As the negotiations grew into the fifth and sixth hours, the court began to have discussions directly with the parties. Every time progress was made with the individuals on the resolution of one issue, counsel for plaintiff, Mr. LaCerva, changed focus to another issue and take the discussions back to the beginning. The parties were unable to reach closure on any of the four issues.

Judge O'Malley referred the matter for a second settlement conference to be held on December 12, 2005. Judge O'Malley ordered all representatives of plaintiff to be present in person at the settlement conference and permitted representatives of defendants to be present by telephone. Upon referral, this court contacted counsel for the parties and directed them to consult with their clients to determine whether the clients were willing to negotiate in good faith and move from their prior positions. Late in the week prior to the settlement conference, the court contacted counsel for the parties and was told by plaintiff's counsel that his clients were not prepared to move from their previous cash demand. Defense counsel stated that under those circumstances, his clients would not negotiate further. The court cancelled the December 12 settlement conference.

II.

Rule 16(a) of the Federal Rules of Civil Procedure reads, in relevant part:

> **Pretrial Conferences; Objectives.** In any action, the court may in its discretion direct the attorneys for the parties and any unrepresented parties to appear before it for a conference or conferences before trial for such purposes as
> *****
> (5) facilitating the settlement of the case.

Rule 16(c) states, in relevant part:

> **Subjects for Consideration at Pretrial Conferences.** At any conference under this rule consideration may be given, and the court may take appropriate action, with respect to
> *****
> (9) settlement and the use of special procedures to assist in resolving the dispute when authorized by statute or local rule; . . .

Rule 16(f) states:

> **Sanctions.** If a party or a party's attorney fails to obey a scheduling or pretrial order, or if no appearance is made on behalf of a party at a scheduling or pretrial conference, or if a party or party's attorney is substantially unprepared to participate in the conference, or if a party or party's attorney fails to participate in good faith, the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B), (C), (D). In lieu of or in addition to any other sanction, the judge shall require the party or the attorney representing the party or both to pay the reasonable expenses incurred because of any noncompliance with this rule including attorney's fees, unless the judge finds that the noncompliance was substantially justified or that other circumstances make an award of expenses unjust.

The Standing Order for Settlement Conferences issued to counsel and the parties contains the following language:

> **2. Attendance of Parties Required. Parties with ultimate settlement authority must be personally present.** An insured party shall appear by a representative of the insurer who is authorized to negotiate and who has **authority to settle the matter up to the limits of the opposing party's existing settlement demand.** An uninsured corporate party shall appear by a representative authorized to negotiate and who has **authority to settle the matter up to the amount of the opposing party's existing settlement**

4

> **demand or offer.** Having a client with authority available by telephone is **NOT** an acceptable alternative.

(Emphasis in the original.) Thus under Rule 16 the district court had the authority to order the settlement conference and under the same Rule this court had the authority to issue its order setting the procedures for that conference, including requiring all parties with authority to settle on all terms to be present. Furthermore, under Rule 16(f) the court is empowered to award sanctions for 1) a party's failure to comply with a pretrial order, 2) a party or counsel's failure to be prepared for the proceeding, and 3) a party or counsel's failure to proceed in good faith.

Defendants argue that plaintiff's failure to comply with the court's order impaired settlement because the absent partners were not present to hear the court's evaluation of the case. Second defendants argue that plaintiff had no intention of mediating in good faith. They cite to the filing of the motion for leave to file an amended complaint and motion to compel and to the email suggesting cancellation of the mediation and telling plaintiff to attend with a "suitcase full of money." Finally they argue that defendants expended time and money preparing for a settlement conference that plaintiff did not have the courtesy to require its four partners to attend. The result of plaintiff's conduct, defendants' argue, was a waste of defendants' time and money and a waste of judicial resources.

Plaintiff filed a one page opposition to defendants' motion in which it asserts that the reasons for the motion are to 1) cause it to waste resources and 2) falsely represent to the district court that the magistrate judge took a negative view of plaintiff's claims. Plaintiff contends that the individuals who attended the settlement conference "had full settlement authority and these individuals were allowed to communicate with their fellow owners."

Plaintiff has failed to respond to several points made by defendants and obvious to

5

this court. First, it does not explain why there were only two of four "partners" present at the settlement conference. I was told that all four of the individuals had to agree to a settlement and that the telephone calls were conducted for the purpose of transmitting the various proposals. If all four individuals were required for settlement approval, all four individuals should have been present. The fact that the "individuals were allowed to communicate with their fellow owners" is insufficient and does not comply with my Standing Order. There are reasons for all necessary persons to be present. The settlement dynamic is a unique one. The parties can hear the court's evaluation of the case. In this instance because the case was not assigned to me, I was in a position to openly evaluate the claims for both sides. The individuals present by telephone may or may not have heard those comments and may or may not have heard them correctly.

Second, plaintiff's counsel's proposed cancellation of the settlement conference in his email to defense counsel on November 18 was improper and indicates a lack of good faith. There were **two** court orders setting the settlement conference. Plaintiff's counsel had no authority to propose cancellation of the settlement conference. The proposal, and the tenor of the email, supports the argument that plaintiff attended the conference with no intention of settling. After Judge O'Malley ordered the settlement conference, plaintiff filed a motion for leave to file an amended complaint to impose individual liability against Mr. Hurley and filed a motion to compel. Plaintiff's counsel sent an email that was unprofessional in tone and content. It appears that plaintiff fully intended to continue prosecution of this case beyond the settlement conference.

Finally, efforts to settle the case on November 21 were frustrated consistently by plaintiff's representatives and its counsel. As the court attempted to resolve one issue, attention was diverted to another issue. For example, plaintiff repeatedly changed position with respect to

ownership of the product. There was no movement on the cash settlement, even movement that would have bridged the gap between the parties. The court would have much preferred that plaintiff communicate its obduracy within the first hour of the conference rather than spend seven hours of the defendants' and court's time.[4] That would have been the forthright way to proceed.

For the above stated reasons, the magistrate judge recommends that the court award sanctions against plaintiff and its counsel in an amount which reasonably compensates defendants for the seven hours their counsel spent at the settlement conference. Because this was a court ordered settlement conference, the magistrate judge does not recommend that defendants be compensated for their travel expenses.

Date: January 30, 2006                                             s:\Patricia A. Hemann
                                                                   Patricia A. Hemann
                                                                   United States Magistrate Judge

## **OBJECTIONS**

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order. *See United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn,* 474 U.S. 140 (1985), *reh'g denied,* 474 U.S. 1111 (1986).

---

[4] Likely futility of the conference would not have excused individuals from failing to appear. *Empire, Inc. v. Wal-Mart Stores, Inc.,* 188 F.R.D. 478 (E.D. Ky. 1999).