IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| INNOVATIVE ENGINEERING & CONSULTING CORP., | ) ) ) | Case No.: 1:05-CV-00764 |
| Plaintiff, | ) ) ) | Judge Kathleen M. O'Malley |
| vs. | ) ) | Magistrate Judge Patricia A. Hemann |
| HURLEY & ASSOCIATES, INC., et al. | ) ) ) | **OBJECTIONS OF PLAINTIFF INNOVATIVE ENGINEERING & CONSULTING CORP. TO REPORT AND RECOMMENDATION DATED JANUARY 30, 2006** |
| Defendants. | ) ) | |

Plaintiff, Innovative Engineering & Consulting Corp. ("IEC"), in accordance with Rule 72(b) of the Federal Rules of Civil Procedure, 28 U.S.C. § 636(b), and Local Rule 72.3, submits these Objections to the Report and Recommendation issued by Magistrate Judge Patricia Hemann on January 30, 2006. IEC submits that the Court should reject the Report and Recommendation and deny Defendants' Rule 16(f) Motion.

## I. PREAMBLE

The Report and Recommendation is unfounded and unjustified. IEC will demonstrate this to the Court by all appropriate means.

Throughout this proceeding, IEC has been intent on preserving the confidentiality of the mediation process, despite the unfounded insinuations of Defendant's Rule 16(f) Motion and the partial revelations of the Report and Recommendation. But the Court has already been made aware of additional detailed information regarding the mediation process, including possible settlement terms. Indeed, IEC has learned that the Court was informed, by parties other than IEC, of the

{848604 } 1

settlement numbers the parties were exchanging at the mediation conference, though this information was incomplete and not entirely accurate.

IEC now presents the sworn facts to the Court, so that the Court is fully and accurately informed as to what actually occurred during the mediation process. A full record is also necessary for this Court to conduct a *de novo* review of the Report and Recommendation. The facts establish that IEC complied with all applicable Rules and Orders, and engaged in the utmost good faith in a sincere effort to resolve this matter, so that IEC could return to its business of selling thermal imaging systems.[1]

## II. BACKGROUND

IEC is a small corporation formed under Ohio law in November, 1999. Affidavit of Richard Pettegrew ("Pettegrew Affidavit"), ¶ 3 (attached at Tab A). It has four shareholders: Richard Pettegrew, Richard Stepnowski, Paul Ferkul, and John Paximadis. Id.

Mr. Pettegrew is CEO of the company. Id. at ¶ 1. He is a degreed engineer who recently obtained his doctorate. Id. at ¶ 2. Most of the employees of IEC are degreed engineers. Id. at ¶ 3.

One of the exceptions is Mr. Richard Stepnowski, the Chief Financial Officer. Mr. Stepnowski has a business background. Affidavit of Richard Stepnowski ("Stepnowski Affidavit"), ¶ 2 (attached at Tab B). He is a certified public accountant and holds a masters degree in business administration. Id. In his position as CFO at IEC, Mr. Stepnowski is primarily responsible for the company's financial and legal matters. Id. at ¶ 3.

IEC brought suit against Hurley & Associates, Hurley IR and Thomas Hurley on March 21, 2005. Affidavit of Anthony J. LaCerva ("LaCerva Affidavit"), ¶ 6 (attached at Tab C). In its original Complaint, IEC brought claims for breach of contract, promissory estoppel, unfair

---

[1] There were other events that occurred at and after the mediation conference that refute the findings of the Report and Recommendation, but only those essential to IEC's specific objections are set forth herein.

{848604 }　　　　　　　　　　　　　2

competition and violations of the Lanham Act. IEC has since added a Lanham Act claim for false advertising. In the view of IEC's counsel, and depending on the damages information gleaned through discovery, IEC can prevail on all of these claims and recover millions of dollars from Defendants. Id. at ¶ 8.

The parties expended substantial effort to settle IEC's claims. In fact, the parties were very close to settling the dispute in early June of 2005. LaCerva Affidavit, ¶ 6. The monetary compensation to be paid by Hurley to IEC was tentatively agreed upon. Id. Settlement discussions broke down at that time because of disagreement over the scope of the release Defendants would give IEC. Id.

This Court held a case management conference on October 19, 2005, and issued a Case Management Plan the same day. The Plan set deadlines for amending pleadings (January 20, 2006) and for the completion of discovery (March 31, 2006).

The parties held a mediation conference on November 21, 2005. Attorneys Anthony J. LaCerva and Alex Gertsberg attended the mediation conference on behalf of IEC. LaCerva Affidavit, ¶ 13. Client representatives Richard Stepnowski and John Paximadis also attended. Stepnowski Affidavit, ¶ 5. As established by the attached Affidavits, Richard Stepnowski had complete authority to settle the matter on behalf of IEC. Pettegrew Affidavit, ¶ 6; Stepnowski Affidavit, ¶ 4. He is the person who routinely handles business and financial matters for the company. Stepnowski Affidavit, ¶ 3. Mr. Paximadis attended the mediation conference to offer technical insights. Id. at ¶ 5.

IEC and its counsel attempted diligently to settle the lawsuit at the settlement conference. Stepnowski Affidavit, ¶ 6; LaCerva Affidavit, ¶ 13. Indeed, IEC's counsel prepared a draft settlement agreement to use as a basis for negotiation, and gave the draft to Magistrate Judge

{848604 } 3

Hemann. Stepnowski Affidavit, ¶ 8; LaCerva Affidavit, ¶ 14. This draft settlement agreement was printed on Magistrate Judge Hemann's printer. Stepnowski Affidavit, ¶ 8. IEC moved from its initial demand of $2,000,000 during the course of the day down to a demand of $600,000. Id. at ¶ 6. Moreover, IEC offered to settle the lawsuit, on that day only, for the sum of $375,000. Id. at ¶ 14. Defendants rejected this offer. Id.

Following the original mediation conference, this Court ordered that a second mediation session take place. *See* Order of November 29, 2005. That mediation conference was re-scheduled for Friday, December 16, 2005. LaCerva Affidavit, ¶ 16. In connection with the second mediation conference, counsel for IEC and the defendants held a telephone conference with Magistrate Judge Hemann on December 12, 2005. Id. At that conference, Judge Hemann indicated that she was going to talk separately with Attorney LaCerva and Attorney Wellschlager, and directed counsel to talk with each other to discuss their respective positions and then report to Judge Hemann whether counsel thought it was worthwhile to proceed with the second mediation conference. Id. at ¶ 17.

Counsel for the parties spoke in an attempt to resolve the litigation. Counsel decided that it was unlikely that the parties would bridge the gap between their settlement positions. LaCerva Affidavit, ¶¶ 20, 21. Counsel reported these facts to Judge Hemann, and also indicated that they would be interested in mediating the case again within the next couple of months after the parties had conducted some discovery. Id. at ¶ 22. Magistrate Judge Hemann cancelled the mediation conference based on this advice. Id. at ¶¶ 22, 23.

### III. STANDARD OF REVIEW

This Court, in an Order dated January 9, 2006, referred Defendants' Rule 16(f) Motion to Magistrate Judge Patricia Hemann for a report and recommendation. Accordingly, review of the report and recommendation is governed by Rule 72(b) of the Federal Rules of Civil Procedure, by

Local Rule 72.3(b), and by 28 U.S.C. § 636(b)(1)(B). *See Delco Wire & Cable, Inc. v. Weinberger*, 109 F.R.D. 680, 685 (E.D. Pa. 1986) (district court has discretion to refer nondispositive pretrial matters to magistrate judge for a report and recommendation, and to consider objections thereto); *Societa Pronima Lucchese Olie E. Vini v. Catania Spagna Corp.*, 440 F. Supp. 461, 462 (D. Mass. 1977) (where matter is referred to magistrate judge for report and recommendation, review will be under 28 U.S.C. 636(b)(1)(B), and portions of report to which objections are made are subject to *de novo* review).

The party objecting to the Report and Recommendation is obliged to make specific written objections within ten days of service of the Report and Recommendation, or within the time period as extended by the Court. *See Wesolek v. Canadian Ltd.*, 838 F.2d 55, 58 (2nd Cir. 1988). IEC does so herein.

The Court must conduct a *de novo* determination of the facts and legal conclusions to which objection is made, receiving additional evidence and hearing witnesses at its discretion. *See* 12 C.A. Wright, A.R. Miller, R.L. Marcus, Federal Practice and Procedure § 3070.2, p. 374-75 (1997). The Court's power to reject the Magistrate Judge's recommendation is almost unlimited. Id. at p. 380. Indeed, the Court has a duty to reject the Magistrate Judge's recommendation unless, on *de novo* reconsideration, the Court finds it justified. Id. at p. 381. As part of this *de novo* review, the Court must actually review and consider the evidence presented to the Magistrate Judge. Id. at p. 382.

## IV. SPECIFIC OBJECTIONS

IEC objects to numerous statements and findings made by Magistrate Judge Hemann in her Report and Recommendation. There is no basis for many of these statements or findings. Moreover, many of the statements and findings are contrary to the facts.

{848604 }	5

For the convenience of the Court, IEC breaks down its objections into four categories: Objections to Magistrate Judge Hemann's characterization of the pre-mediation proceedings; Objections to Magistrate Judge Hemann's findings on the authority of IEC's representatives; Objections to Magistrate Judge Hemann's findings on the settlement strategy of IEC; and Objections to Magistrate Judge Hemann's findings on the conduct of IEC following the original mediation conference.

### A. Objections to Magistrate Judge Hemann's Findings Regarding the Pre-Mediation Conduct of IEC.

IEC objects to Magistrate Judge Hemann's findings regarding and characterization of the conduct of IEC leading up to the mediation conference. Specifically, Judge Hemann mischaracterized the purpose of and motive underlying IEC's Motion for Leave to File a First Amended Complaint, IEC's Motion to Compel, and IEC's counsel's e-mail of November 18, 2005.

Counsel for IEC authorized the filing of IEC's Motion for Leave to File a First Amended Complaint for valid reasons in connection with this litigation. LaCerva Affidavit, ¶ 10. There is no rule against bringing an amended pleading in advance of a mediation conference. Indeed, counsel hoped, in part, that the filing of a Motion for Leave to File a First Amended Complaint would help facilitate settlement of the case at the mediation conference. Id.

Similarly, IEC's counsel authorized the filing of the Motion to Compel Production of Documents for good and valid reason. LaCerva Affidavit, ¶ 11. Defendants have not produced the documents showing their profits on the resale of thermal imaging systems using component parts supplied by IEC. Id. IEC is allowed to seek the compulsion of documents that should have been produced. In no way can this conduct be construed as indicating that IEC intended to continue prosecution of the case beyond the mediation conference. Id. To the contrary, IEC wanted the filing of its Motion to Compel to facilitate the settlement of the case. Id.

IEC's e-mail message to Defendants' counsel likewise was made in a good faith attempt to facilitate settlement of the litigation. LaCerva Affidavit, ¶ 12. While disappointed the Defendants were offering zero dollars to settle the case, IEC's counsel wanted to communicate that for a settlement to occur, Defendants would have to offer a substantial sum at the mediation conference. Id. Also, IEC's counsel wrote this Memorandum because of his fairly long standing and warm relationship with Defendants' local counsel. Id. As explained in the LaCerva Affidavit, Mr. LaCerva's relationship with Mr. McKay was regularly punctuated by humorous exchanges. Id. There is no doubt in Attorney LaCerva's mind that Mr. McKay understood that the purpose of Attorney LaCerva's e-mail was to bring some levity to the proceedings. Id.

**B.     Objections Regarding the Authority of IEC's Representatives.**

IEC objects to Magistrate Judge Hemann's findings regarding and characterization of the legal status of IEC's representatives, the authority of IEC's representatives who attended the conference, and the purpose of communications between those IEC representatives in attendance and other IEC employees.

IEC has shareholders, not partners. Pettegrew Affidavit, ¶ 3. IEC was represented at the mediation conference by its Chief Financial Officer, Richard Stepnowski, along with IEC's Chief Information Officer, John Paximadis. Stepnowski Affidavit, ¶ 5. Mr. Stepnowski has primary responsibility for the Company's legal and financial affairs. Id. at ¶ 3. Mr. Stepnowski is the contact person for the Company on legal matters, including this litigation. Id. Mr. Stepnowski has always been the contact with IEC's counsel in this case from the beginning of the litigation to the present day. Id. Mr. Stepnowski had complete authority to make decisions on behalf of IEC regarding the Company's legal affairs, and, in particular, had complete authority to settle this litigation on behalf of IEC. Id. at ¶ 4. Mr. Stepnowski often and regularly discusses the status of legal matters with


IEC's other shareholders. Pettegrew Affidavit, ¶ 5. But Mr. Stepnowski retains authority to make decisions on behalf of IEC in such cases. Stepnowski Affidavit, ¶ 4.

The affidavit testimony of IEC's Chief Executive Officer also establishes that Mr. Stepnowski had full and complete authority to settle litigation with the Defendants from the time the lawsuit was initiated to the present day, including the mediation conference held on November 21, 2005. Pettegrew Affidavit, ¶ 6. Neither Mr. Pettegrew's approval, nor that of any of IEC's other shareholders or officers, was or is required for Mr. Stepnowski to settle the litigation. Id. If anyone said anything to Magistrate Judge Hemann suggesting that all four "partners" of IEC needed to approve any settlement with Defendants, that was a false statement. Stepnowski Affidavit, ¶ 16.

## C. Objections Regarding the Magistrate Judge's Findings Regarding the Parties' Negotiations at the Mediation Conference.

IEC objects to Magistrate Judge Hemann's findings regarding and characterization of the settlement discussions, including Magistrate Judge Hemann's inaccurate characterization of discussions regarding the four main issues, the progress made on the resolution of issues and the change of focus from one issue to another, and the findings regarding the inability of the parties to reach closure on any of the four issues. Additionally, IEC objects to Magistrate Judge Hemann's findings regarding and characterization of the good faith of the participants in the settlement conference, and to the findings regarding the movement on the cash settlement, the "obduracy" of IEC, and the attitude of IEC in connection with the negotiations.

IEC attempted diligently to settle the case at the settlement conference. Stepnowski Affidavit, ¶ 6; LaCerva Affidavit, ¶ 13. IEC's counsel did nothing to frustrate the negotiations. Stepnowski Affidavit, ¶ 8; LaCerva Affidavit, ¶ 14. To the contrary, IEC's counsel prepared a draft Settlement Agreement based on the terms the parties were discussing. LaCerva Affidavit, ¶ 14; Stepnowski Affidavit, ¶ 8. IEC's counsel had Mr. Stepnowski print this Settlement Agreement using

his jump drive and Mr. Paximadis's laptop. LaCerva Affidavit, ¶ 14; Stepnowski Affidavit, ¶ 8. IEC's counsel then had Mr. Stepnowski print the draft Settlement Agreement on Magistrate Judge Hemann's printer and, after making modifications to the draft to correspond with the discussions, gave the draft of the Settlement Agreement to Magistrate Judge Hemann to use in her efforts to settle the case. LaCerva Affidavit, ¶ 14; Stepnowski Affidavit, ¶ 8. IEC's counsel did not change focus from issue to issue or take the discussion back to the beginning. LaCerva Affidavit, ¶ 14. What IEC's counsel did do was remind Magistrate Judge Hemann that she needed to make clear to the Defendants that IEC was not going to give the Defendants a license or any of the other terms that the Defendants wanted unless and until the Defendants gave IEC enough money to make it worthwhile for IEC to settle the case. Id.

Mr. Stepnowski also diligently attempted to settle the case. Stepnowski Affidavit, ¶ 6. During the afternoon of the mediation conference, Magistrate Judge Hemann asked him to talk privately with Lisa Hurley. Id. at ¶ 9. They talked for approximately twenty-five minutes. Id. at ¶ 10. During the course of their discussion, Mr. Stepnowski explained to Lisa Hurley that IEC needed $600,000 to settle the lawsuit, a substantial drop from the $2,000,000 originally demanded. Id. at ¶ 12. Mrs. Hurley said that IEC was at about $150,000. Id. In an effort to settle the case on that day, Mr. Stepnowski offered to "split the difference" and settle the case at $375,000. Id. at ¶ 14. Mrs. Hurley declined to accept this offer. Id.

**D. Objections Regarding Post-Mediation Conduct.**

IEC objects to Magistrate Judge Hemann's findings regarding and characterization of the conduct of IEC following the original mediation conference held on November 21, 2005. In particular, IEC objects to Magistrate Judge Hemann's statements regarding her instructions to counsel for IEC and to the Defendants, and the statements by counsel for the parties to Magistrate

{848604;} 9

Judge Hemann. Magistrate Judge Hemann also incorrectly states why the December 12 mediation conference was cancelled.

On December 12, 2005, Magistrate Judge Hemann, conducted a conference with Attorney Wellschlager and Attorney LaCerva. But first Judge Hemann indicated she wanted to speak separately with counsel for the parties. LaCerva Affidavit, ¶ 17.

Judge Hemann first spoke with Attorney Wellschlager. LaCerva Affidavit, ¶ 18. Later that day, Judge Hemann and Attorney LaCerva spoke about the case. Id. Attorney LaCerva expressed his serious interest in going forward with the mediation conference on December 16, 2005, especially after learning from Judge Hemann that Mr. Hurley was coming to the conference on Friday, despite the fact that he was not required to do so. Id. Magistrate Judge Hemann indicated that she did not believe the case could settle, and that she was going to cancel the mediation conference, unless "you guys think it is worthwhile." Id. at ¶ 19.

Attorney Wellschlager and Attorney LaCerva then discussed the relative merits of the claims. LaCerva Affidavit, ¶ 10. Attorney Wellschlager gave Attorney LaCerva a number that was at the "end of his authority." Id. at ¶ 21. Based upon this number, counsel for the parties contacted Magistrate Judge Hemann and advised her together that they did not think a mediation conference the next day was likely to result in a settlement. Id. at ¶ 22. Counsel for the parties also expressed to Magistrate Judge Hemann that they wanted to keep open the possibility of having another mediation conference with her in a month or two after the parties had taken some discovery. Id.

Magistrate Judge Hemann responded that, based upon those circumstances, we would not go forward with the mediation conference. LaCerva Affidavit, ¶ 23. Attorney Wellschlager expressed concern about canceling the mediation conference in light of the Court's Order of

November 29, 2005. Id. Magistrate Judge Hemann responded that she would take care of telling the Court the conference was off and that counsel should not worry about it. Id. at ¶ 24.

## V.     DISCUSSION

With so much at stake, and because the Report exhibits such a serious misunderstanding of what occurred during the mediation and thereafter, it is important that IEC set the record straight herein. The sworn evidence appended hereto establishes that IEC at all times acted in compliance with the letter and spirit of all Court Orders and applicable rules, and negotiated strenuously and in good faith to attempt to obtain partial redress on its claims by way of an early settlement of the litigation.

The facts of record establish IEC's authority and good faith efforts. The facts of record also reveal the Report and Recommendation to be unfounded. In particular, IEC establishes that Richard Stepnowski had full settlement authority at the mediation conference. Judge Hemann should not have taken the word of an opposing party that this was not the case. Moreover, IEC did not exhibit bad faith in its routine conduct preceding the mediation conference. To the contrary, that conduct was designed to facilitate settlement. Finally, Magistrate Judge Hemann's statement that IEC's representatives and counsel frustrated the negotiations is not correct. IEC's counsel prepared and distributed a draft settlement agreement in order to facilitate negotiations. Moreover, IEC lowered its settlement demand from $2,000,000 to $375,000 in a very serious effort to settle the case. That offer was rejected by Defendants. IEC is not required to give up its meritorious claims to settle this case on someone else's terms, and has no intention of doing so.

This is not a close call. The Report and Recommendation is unjustified and contrary to the relevant facts. But should there be any doubt in this Court's mind, IEC submits that the Court should resolve doubts in favor of a judicial philosophy that disfavors sanctioning parties and their counsel,

absent egregious circumstance of a type which clearly warrant the imposition of sanctions. Surely such circumstances are not present here.

### IV. CONCLUSION

After conducting a *de novo* determination, this Court should reject the Report and Recommendation, and deny Defendant's Rule 16(f) Motion.

GEORGE L. McGAUGHEY (0008503)
ANTHONY J. LaCERVA (0032876)
DAVID T. MOVIUS (0070132)
McDonald, Hopkins Co., LPA
2100 Bank One Center
600 Superior Ave., E.
Cleveland, OH 44114
(216) 348-5710
(216) 348-5474 (Fax)
gmcgaughey@mcdonaldhopkins.com
alacerva@mcdonaldhopkins.com
dmovius@mcdonaldhopkins.com

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Objections of Plaintiff Innovative Engineering & Consulting Corp. to Report and Recommendation dated January 30, 2006 was served upon the following on February 17, 2006:

By Hand Delivery upon:

Hugh E. McKay
Porter Wright Morris & Arthur LLP
925 Euclid Avenue, Suite 1700
Cleveland, OH 44115-1483

and Via Federal Express upon:

John Wellschlager
DLA Piper Rudnick Gray Cary
6225 Smith Avenue
Baltimore, MD 21209

_____
One of the Attorneys for Plaintiff