IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| INNOVATIVE ENGINEERING & CONSULTING CORP., <br><br> Plaintiff, <br><br> vs. <br><br> HURLEY & ASSOCIATES, INC., et al. <br><br> Defendants. | Case No.: 1:05-CV-00764 <br><br> Judge Kathleen M. O'Malley <br><br> Magistrate Judge Patricia A. Hemann <br><br><br> **MEMORANDUM OF PLAINTIFF IN OPPOSITION TO THOMAS HURLEY'S RENEWED MOTION TO DISMISS** |

## I. INTRODUCTION

Plaintiff Innovative Engineering & Consulting Corp. ("IEC"), shows herein that the Court should deny Defendant Thomas Hurley's Renewed Motion to Dismiss.

IEC establishes that this Court has jurisdiction over Thomas Hurley as the result of Mr. Hurley's contacts with Ohio, on behalf of his corporation and individually, all of which are relevant to the Court's inquiry here. Under the applicable standard, IEC establishes this Court's jurisdiction over Mr. Hurley by the allegations of its First Amended Complaint and by affidavit and documentary evidence. Moreover, IEC has served discovery requests in an effort to bolster further its position that the Court has jurisdiction over Mr. Hurley. Mr. Hurley has unilaterally declined to respond to any of these requests, citing his pending Renewed Motion to Dismiss. Under applicable law, IEC has met its burden.

## II. DISCUSSION

### A. General Rules of Personal Jurisdiction

The Court has discretion to decide a 12(B)(2) motion on pleadings and affidavits alone, to permit discovery in aid of a ruling, or to conduct an evidentiary hearing to resolve any apparent factual questions. *Cleveland Browns Football Co., LLC v. Hawaii-Pacific Apparel Group*, 90 Fed. Appx. 868; 2004 U.S. App. LEXIS 1696 (6th Cir. 2004) (citing *Serras v. First Tennessee Bank Nat'l Assoc.,* 875 F.2d 1212, 1213-14 (6th Cir. 1989)) (holding that Rule 12(d) provides that a motion to dismiss brought under Fed.R.Civ.P. 12(b)(2) may be heard and determined before trial, but that the court has the power to defer hearing of evidence and a rule on the motion until trial). "As there is no statutory direction for procedure upon an issue of jurisdiction, the mode of its determination is left to the trial court." *Gibbs v. Buck,* 307 U.S. 66, 71-72, 83 L. Ed. 1111, 59 S. Ct. 725 (1939)). See also *Dean v. Motel 6 Operating L.P.,* 134 F.2d 126 (6th Cir. 1998)("The procedure for determining jurisdiction, and the standard of review on appeal, are clearly defined in this circuit: The case law establishes a settled procedural scheme to guide trial courts in the exercise of this discretion. The lack of such a hearing mandates a specific standard for weighing the evidence: 'When . . . a district court rules on a jurisdictional motion to dismiss . . . without conducting an evidentiary hearing, the court must consider the pleadings and affidavits in a light most favorable to the plaintiff. . . . To defeat such a motion, [the plaintiff] need only make a prima facie showing of jurisdiction.'")((quoting *Serras*, 875 F.2d at 1214).

The Court employs a two-step process to determine whether it may exercise jurisdiction over a non-resident defendant. *Imperial Prod., Inv., v. Rice Endura Prod., Inc.,* 109 F.Supp.2d 809, 811 (S.D. Ohio 2000)(citing *Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc.,* 148 F.3d 1355, 1358 (Fed. Cir. 1998)). First, the Court must consider whether jurisdiction is established under Ohio's

long-arm statute. Here, IEC demonstrates that Thomas Hurley is subject to jurisdiction under Ohio Rev. Code §§ 2307.382(A)(1), (3), and (4), reprinted below.[1] Second, the Court must assess due process requirements and evaluate whether the exercise of jurisdiction over a foreign defendant comports with "traditional notions of fair play and substantial justice." *Asahi Metal Industry Co. v. Superior Court,* 480 U.S. 102, 113 (1987) (citing *International Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945)).

**B.      IEC'S Claims for Relief.**

IEC filed its First Amended Complaint on January 13, 2006. Count VII of the First Amended Complaint seeks a declaration that Defendant Thomas Hurley is not a co-inventor of a U.S. Patent issued to IEC and that Mr. Hurley has no rights in any of IEC's other intellectual property. First Amended Complaint, ¶ 46. The First Amended Complaint also names Defendant Thomas Hurley on IEC's false designation of origin claim, IEC's false advertising claim, and IEC's unfair competition claim. Id. at ¶¶ 17, 18. This amendment was based upon the well-established rule that a corporate officer is individually liable, under the Lanham Act, for all torts which he authorizes or directs, or on which he participates, notwithstanding that he acted as an agent of the corporation. *Coastal Abstract Service, Inc. v. First American Title Ins. Co.*, 173 F.3d 725, 734 (9th Cir. 1999). This principle applies to claims alleging unfair competition. *Donsco, Inc. v. John Wright, Inc.,* 587 F.2d 602, 606 (3rd Cir. 1978)(officer that authorizes and approves acts individually liable).

---

[1] § 2307.382. Personal jurisdiction.

>    (A) A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's:
>       (1) Transacting any business in this state;
>       * * * *
>       (3) Causing tortious injury by an act or omission in this state;
>       (4) Causing tortious injury in this state by an act or omission outside this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;

In support of its declaratory judgment claim, IEC has alleged that Thomas Hurley has asserted that he is a co-inventor of, and has rights to the intellectual property in IEC's control systems, image processing applications, other internal software, and other IEC products. First Amended Complaint, ¶ 46. All of IEC's intellectual property originated in and is maintained in Ohio. It was in Cleveland that the relationship between IEC and Hurley was formed. First Amended Complaint, ¶ 10.

In support of its Lanham Act and unfair competition claims, IEC alleges that the Defendants have wrongly placed the "Hurley" name on IEC's products. Id. at ¶ 17. IEC further alleges that Defendants made false representations to distributors and end-users regarding Thomas Hurley's expertise and his role in the design and manufacture of goods that were actually designed and manufactured by IEC. In particular, Thomas Hurley has claimed that he has a significant engineering expertise and qualifications that he does not really have and that he and his companies designed and engineered thermal imaging systems and component parts that were in fact designed and engineered by IEC. These representations were made by Mr. Hurley on Defendants' website, to distributors and to end users, and elsewhere. Id. at ¶ 18.

**C.    IEC's Supporting Affidavit Testimony and Documentary Evidence.**

While Thomas Hurley may not reside in or own real estate in Ohio, he has had substantial contacts with the State of Ohio that give rise to IEC's claims for relief. Moreover, Thomas Hurley has caused injury in Ohio, and regularly does business in and solicits business from Ohio. These contacts will be briefly summarized herein, but are set forth in detail in the following:

1. Memorandum in Opposition to Motion of Thomas J. Hurley to Dismiss, with supporting Affidavit and Exhibits, filed on July 5, 2005 (Docket Entry No. 15); and

2. Motion of Plaintiff Innovative Engineering & Consulting Corp. for Leave to File Instanter Sur-Reply, with attached Sur-Reply, filed on August 9, 2005 (Docket Entry No. 17).

{870574:}                                                       4

Both of these filings, and all attachments thereto, are incorporated by reference herein in their entireties.

As noted in the filings referenced above, IEC's patented IntrudeIR Alert software, along with its control systems, were all conceived and developed in Ohio by Rick Pettegrew and other IEC engineers. All of IEC's engineers were Ohio residents, and all of IEC's products were manufactured in and distributed and marketed from Ohio. Thomas Hurley made claim to have an interest in IEC's intellectual property. In the course of doing so, Thomas Hurley made threatening phone calls into Ohio, sent written demands and threats into Ohio, and has made various misrepresentations into Ohio about his status as a "co-inventor" of IEC's products. See Memorandum in Opposition to Motion of Thomas J. Hurley to Dismiss, pp. 4-5.

Moreover, and of significance, Thomas Hurley has stated facts in a recently-filed affidavit that unquestionably amount to transacting business in Ohio, and that unquestionably give rise to IEC's claims. In the Affidavit of Thomas J. Hurley attached to Defendants' Motion for Partial Summary Judgment (and attached hereto as Exhibit A), Thomas Hurley swears that he provided to IEC $20,000 in software development funds, which IEC used to refine a software package and to write computer code. Hurley Affidavit, ¶¶ 6, 7. While IEC disputes that Mr. Hurley had anything to do with the development of IEC's intellectual property, this business transaction has been a basis for Hurley's claim that he is a co-inventor of IEC's IntrudIR Plant. See Affidavit of Richard Stepnowski, ¶ 14 (attached to Docket Entry No. 15). This assertion by Thomas Hurley is part of the conduct on his part that gives rise to IEC's claim for declaratory relief that, contrary to his assertions, Thomas Hurley has no rights in IEC's intellectual property.

This evidence is dispositive. Of critical note, it is Thomas Hurley in his individual capacity who claims to have an ownership interest in IEC's intellectual property. This is because only an

individual can be an inventor. *Beech Aircraft Corp. v. E.D.O. Corp.*, 990 F.2d 1237, 1248 (Fed. Cir. 1993); 35 U.S.C. §§115-118. Thus, IEC's claim for a declaratory judgment, set forth at Count VII arises from Thomas Hurley's personal contacts with Ohio.

IEC's Lanham Act and unfair competition claims also establish the Court's jurisdiction over Thomas Hurley's person. As found by the Sixth Circuit in a Lanham Act case, the fact that actions connecting defendants to a foreign state may have been undertaken in an official rather than personal capacity does not preclude the exercise of personal jurisdiction over those defendants for violation of the Lanham Act. *Balance Dynamics Corp. v. Schmitt Indus., Inc.*, 204 F.3d 683, 698 (6th Cir. 2000). The Sixth Circuit has noted that Courts across the country have applied this proposition to support the exercise of personal jurisdiction over corporate officers who actively and personally involve themselves in conduct violating the Lanham Act, notwithstanding the fact that the individual defendants acted as agents when they did so. Id.

Here, IEC has alleged and is in the process of proving that Thomas Hurley made false representations to distributors and customers regarding Hurley's expertise and the role of Mr. Hurley and his companies in the design and manufacture of goods that were designed and manufactured by IEC. First Amended Complaint, ¶ 18. One of those customers, as admitted by Mr. Hurley in his recently-filed affidavit, is the NASA Glenn Research Center in Brookpark. See Affidavit of Thomas J. Hurley, ¶ 4. (Mr. Hurley has been doing business with NASA since at least July, 2000. Affidavit of Richard Pettegrew, ¶ 5.) Mr. Hurley has so far refused to respond to discovery requests seeking the identity of his other customers and distributors, whether located in Ohio or elsewhere.

**D.    Hurley's Responses to Discovery.**

IEC is attempting to obtain additional evidence through discovery to support further this Court's exercise of jurisdiction over the person of Thomas Hurley. Mr. Hurley has declined to comply.

In particular, IEC has sought all documents that evidence any claim by Mr. Hurley that he is a co-inventor of any invention covered by any patent issued to IEC. In response to this document request, Mr. Hurley has stated as follows:

> Because Request No. 7 is relevant only to those claims asserted against Thomas Hurley in his individual capacity, and because Mr. Hurley is not subject to personal jurisdiction in Ohio, Hurley will not respond to Request No. 7.

See Defendants' Response to Plaintiff's First Request for Production, p. 7 (Exhibit B). Mr. Hurley has thus decided unilaterally that he will not engage in the discovery process simply because of the pendency of his motion. Mr. Hurley has never requested a stay of discovery as to him or sought any other kind of relief excusing him from his discovery obligations.

Moreover, the Hurley Company Defendants have likewise refused to produce documents and other information bearing on the Court's jurisdiction over the person of Thomas Hurley. In particular, the Defendants have so far declined, on confidentiality grounds, to produce any marketing materials or advertising or sales literature relating to the distribution of thermal imaging systems sold by Hurley that contain component goods supplied by IEC. See Defendants' Responses to Plaintiff's First Request for Production, p. 10. Furthermore, Defendants have so far declined to answer interrogatories seeking the identity of their distributors and customers. See Defendants' Response to Plaintiff's First Set of Interrogatories, pp. 5-6 (Exhibit C). The parties are discussing the propriety of these responses, which IEC believes to be deficient.

IEC has a right, especially at this stage of the litigation, to obtain responses to its discovery requests that will establish further that the Court has jurisdiction over the person of Thomas Hurley. Where, as here, IEC has diligently sought discovery and clearly made at least a colorable case for the existence of personal jurisdiction, IEC should be entitled to receive the requested discovery materials to assist in opposing the motion.  See <u>United States of America v. Swiss American Bank, Ltd</u>., 274 F.3d 610, 625 (1st Cir. 2001)  The Court has considerable discretion in determining what discovery is appropriate.  <u>Id.</u> at 626; *Chrysler Corp. v. Fedders Corp*., 643 F.2d 1229, 1240 (6th Cir. 1981). Here, given that the case was filed almost one year ago, it would make no sense not to allow discovery to proceed, especially where the interrogatories and document requests in dispute go to the merits of IEC's claims against both Mr. Hurley and his companies, as well as to the Court's jurisdiction over the person of Thomas Hurley.

Obviously, should the Court decide to compel Thomas Hurley and his co-defendants to respond to these discovery requests, IEC should be able to supplement its responses with additional facts bearing on the Court's exercise of jurisdiction.

### III.  CONCLUSION

IEC has shown by its allegations and affidavit testimony that Thomas Hurley's individual conduct directed toward Ohio gives rise to IEC's claims for relief.  Mr. Hurley has transacted business in Ohio, has caused tortious injury by conduct occurring in and directed to Ohio, and has caused tortious injury by other acts occurring outside of Ohio.  IEC is also in the process (a process that Thomas Hurley is resisting) of adducing additional evidence establishing the Court's jurisdiction over Hurley.  Under these circumstances, the Court should deny Hurley's Renewed Motion to

Dismiss.  In the alternative, the Court should reserve ruling on the Renewed Motion to Dismiss until jurisdictional discovery is completed.

        Respectfully submitted,

*/s/ Anthony J. LaCerva*
GEORGE L. McGAUGHEY (0008503)
ANTHONY J. LaCERVA (0032876)
DAVID T. MOVIUS (0070132)
McDonald, Hopkins Co., LPA
2100 Bank One Center
600 Superior Ave., E.
Cleveland, OH 44114
(216) 348-5710
(216) 348-5474 (Fax)
gmcgaughey@mcdonaldhopkins.com
alacerva@mcdonaldhopkins.com
dmovius@mcdonaldhopkins.com

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on March 10, 2006, the foregoing Memorandum of Plaintiff in Opposition to Thomas Hurley's Renewed Motion to Dismiss was served electronically. Notice of this filing will be sent to all other counsel by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ *Anthony J. LaCerva*
One of the Attorneys for Plaintiff