IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| INNOVATIVE ENGINEERING & CONSULTING CORP., | ) | CASE NO. 1:05 CV 0764 |
| | ) | |
| | ) | JUDGE O'MALLEY |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE HEMANN |
| v. | ) | |
| | ) | **REPLY IN SUPPORT OF DEFENDANT** |
| HURLEY & ASSOCIATES, INC., et al., | ) | **THOMAS HURLEY'S RENEWED** |
| | ) | **12(b)(2) MOTION TO DISMISS** |
| Defendants. | ) | |

## I. INTRODUCTION

In his opening brief in support of his renewed motion to dismiss, Defendant Thomas J. Hurley ("Mr. Hurley") demonstrated that the claims asserted against him in Counts IV, V, VI, and VII of Plaintiff Innovative Engineering & Consulting Corp.'s ("IEC") First Amended Complaint should be dismissed because this Court lacks personal jurisdiction over him. Specifically, Mr. Hurley demonstrated that this Court cannot exercise jurisdiction over him under either Ohio's long-arm statute or constitutional principles of due process based on the allegations in IEC's complaints or the additional evidence IEC has put forth.

In its opposition, IEC argues that: (1) the allegations in its complaint and the affidavits it submitted in opposition to Mr. Hurley's prior motion to dismiss demonstrate that this Court has personal jurisdiction over Mr. Hurley; and (2) Mr. Hurley has refused to respond to discovery that would bolster IEC's position on the jurisdictional inquiry. For the reasons detailed below, IEC's arguments lack merit. Accordingly, this Court should dismiss the claims asserted against Mr. Hurley in Counts IV, V, VI, and VII of IEC's First Amended Complaint.

## II. LAW AND ARGUMENT

### A. This Court Cannot Exercise Jurisdiction Over Mr. Hurley with Regard to IEC's Claim for a Declaratory Judgment

#### 1. IEC Has Failed to Show that this Court Has Jurisdiction Under Ohio's Long-Arm Statute

With regard to its declaratory judgment claim, IEC suggests that Mr. Hurley is subject to jurisdiction under § (A)(1) of Ohio's long-arm statute, which authorizes jurisdiction over a defendant when the plaintiff's cause of action arises from the defendant's "[t]ransacting any business in this state." Ohio Rev. Code Ann. § 2307.382(A)(1). Under this provision, IEC must show that: (1) Mr. Hurley transacted business in Ohio; and (2) its claim against Mr. Hurley arises from those business transactions. *See Stern's Dep't Stores, Inc. v. Herbert Mines Assocs., Inc.*, 1999 WL 33471990, at *8 (S.D. Ohio July 8, 1999); *see also Graphic Controls Corp. v. Utah Med. Prods., Inc.*, 149 F.3d 1382, 1386-88 (Fed. Cir. 1998) (applying a nearly identical provision of New York's long-arm statute). IEC can show neither.

First, IEC cannot show that Mr. Hurley transacted business in Ohio. Mr. Hurley has no meaningful contacts with Ohio and does not transact business in the state in his personal capacity. (*See* 6/1/05 Hurley Aff. ¶¶ 1-7.) In its opposition to Mr. Hurley's first motion to

dismiss—which IEC has incorporated by reference in its current opposition—IEC argued that Mr. Hurley "transacted business" in Ohio because he has ongoing business relationships with IEC and NASA in Ohio. (IEC's 7/5/05 Opp'n at 9-10.) These business relationships, however, are between Hurley Associates, Inc. and HurleyIR, Inc. (collectively "Hurley Corporate") and IEC and NASA. The business relationships are not between Mr. Hurley, in his individual capacity, and IEC and NASA. This distinction is critical. When determining whether an individual transacted business in Ohio for purposes of the long-arm statute, courts must examine the actions of the individual, not his or her business entities. *Interior Servs., Inc. v. Iverson*, 2003 WL 1093982, at *3 (Ohio Ct. App. Mar. 14, 2003).

In its current opposition, IEC also claims that Mr. Hurley recently swore in an affidavit that he provided $20,000 in software development funds to IEC to help IEC develop its intellectual property, and thus has transacted business in Ohio. (IEC's Opp'n at 5.) IEC has misrepresented what Mr. Hurley stated in his affidavit. As is clear from Mr. Hurley's affidavit, Hurley Corporate—not Mr. Hurley—provided the $20,000 to IEC. (1/12/06 Hurley Aff. ¶¶ 1, 6.)

IEC also cannot show that its declaratory judgment claim arises out of any alleged business Mr. Hurley transacted in Ohio. IEC's declaratory judgment claim arises exclusively from several alleged telephone calls and e-mails from Mr. Hurley to IEC concerning Mr.

Hurley's rights in certain intellectual property.[1] (*See* First Am. Compl. ¶¶ 16, 44-50; IEC's 7/5/05 Opp'n at 5; 7/5/05 Pettegrew Aff. ¶ 18 & Ex. A; 7/5/05 Stepnowski Aff. ¶¶ 8-16 & Exs. B-D.) These isolated communications concerning Mr. Hurley's rights in certain intellectual property, however, do not amount to "transacting business" under Ohio's long-arm statute. *See Hildebrand v. Steck Mfg. Co.*, 279 F.3d 1351, 1354-55 (Fed. Cir. 2002) (finding that warning letters coupled with offers to negotiate do not amount to transacting business under Ohio's long-arm statute); *Stern's Dep't Stores*, 1999 WL 33471990, at *5 (defining transacting business); *Iverson*, 2003 WL 1093982, at *4 (finding that an individual defendant's payment of corporate debt via two wire transfers was not transacting business under Ohio's long-arm statute). Thus, IEC's declaratory judgment claim does not arise out of Mr. Hurley's transacting business in Ohio.[2] *See Graphic Controls*, 149 F.3d at 1387-88 (finding that a claim based on cease and desist letters did not arise out of the defendant's business transactions for purposes of a state long-arm statute).

[1] In its prior opposition, IEC also suggested that its declaratory judgment claim is based on two other facts.: (1) Mr. Hurley allegedly has threatened to "disclose prior art" that would interfere with an IEC patent; and (2) Mr. Hurley allegedly has demanded source codes to certain intellectual property pursuant to a written agreement between the parties. (IEC's 7/5/05 Opp'n at 4-5.) Neither of these alleged facts, however, is relevant to IEC's request for a declaratory judgment that Mr. Hurley is not a co-inventor of, and has no rights in, the technology described in the pending patent application. Moreover, these communications do not satisfy the "transacting business" requirement of Ohio's long-arm statute. *See Stern's Dep't Stores*, 1999 WL 33471990, at *5 (defining transacting business).

[2] IEC cannot point to any other provision of Ohio's long-arm statute that potentially could capture the alleged conduct forming the basis of its declaratory judgment claim. *See Hildebrand*, 279 F.3d at 1354-55 (explaining why letters concerning rights in intellectual property, standing alone, do not satisfy various provisions of the Ohio long-arm statue).

**2. This Court Cannot Exercise Jurisdiction Over Mr. Hurley with Regard to IEC's Claim for a Declaratory Judgment Under Constitutional Principles of Due Process**

The Federal Circuit repeatedly has held that communications concerning a party's rights in intellectual property, standing alone, are not a sufficient basis for a court to exercise jurisdiction over that party under constitutional principles of due process. *E.g.*, *Red Wing Shoe Co., Inc. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355, 1360 (Fed. Cir. 1998). In *Red Wing*, the court explained:

> Thus, even though cease-and-desist letters alone are often substantially related to the cause of action (thus providing minimum contacts), the minimum requirements inherent in the concept of fair play and substantial justice defeat the reasonableness of jurisdiction. Principles of fair play and substantial justice afford a patentee sufficient latitude to inform others of its patent rights without subjecting itself to jurisdiction in a foreign forum. A patentee should not subject itself to personal jurisdiction in a forum solely by informing a party who happens to be located there of suspected infringement. Grounding personal jurisdiction on such contacts alone would not comport with principles of fairness.

*Id.* at 1360-61 (internal citations, quotation marks, and alterations omitted); *see also Hildebrand*, 279 F.3d at 1356.

As explained above, IEC's declaratory judgment claim against Mr. Hurley is based exclusively on communications Mr. Hurley allegedly had with IEC concerning his rights in certain intellectual property. Accordingly, under the principles explained in *Hildebrand* and *Red Wing*, this Court cannot exercise personal jurisdiction over Mr. Hurley.

In its opposition to Mr. Hurley's prior motion to dismiss, IEC relied on *Akro Corp. v. Luker*, 45 F.3d 1541 (Fed. Cir. 1995), and *Inamed Corp. v. Kuzmak*, 249 F.3d 1356 (Fed. Cir. 2001), to support its argument that Mr. Hurley's telephone calls and e-mails to IEC allow this

Court to exercise jurisdiction over him. In those cases, however, the defendants had other personal contacts with the forum state upon which the plaintiffs based their claims. *See Akro*, 45 F.3d at 1546, 1548-49 (finding the exercise of jurisdiction appropriate when the defendant sent numerous warning letters to the plaintiff in Ohio and personally entered into a license agreement for the patent at issue with one of the plaintiff's competitors in Ohio); *Inamed*, 249 F.3d at 1361-62 (finding the exercise of jurisdiction appropriate where the defendant sent an infringement letter to the plaintiff in California, personally entered into an exclusive license agreement with the plaintiff concerning the patent at issue, and personally received substantial royalty payments pursuant to the license agreement from sales made in California).

In its prior opposition, IEC claimed that Mr. Hurley has other contacts with Ohio that subject him to this Court's jurisdiction. Specifically, IEC claimed that Mr. Hurley has had ongoing relationships with IEC and NASA in Ohio for a number of years. (IEC's 7/5/05 Opp'n at 9-10.) As noted above, however, these business relationships are between IEC, NASA, and Hurley Corporate, not between Mr. Hurley and IEC and NASA. This Court cannot exercise personal jurisdiction over Mr. Hurley based on the contacts Hurley Corporate has with Ohio. *See Balance Dynamics Corp. v. Schmitt Indus.*, 204 F.3d 683, 697-98 (6th Cir. 2000); *Kemper v. Saline Lectronics*, 348 F. Supp. 2d 897, 901 (N.D. Ohio 2004). Moreover, IEC has not based its declaratory judgment claim against Mr. Hurley on the business relationships between Hurley Corporate, IEC, and NASA. Rather, IEC's declaratory judgment claim against Mr. Hurley is

based exclusively on the limited communications Mr. Hurley had with IEC concerning Mr. Hurley's rights in certain intellectual property.[3]

### B. This Court Cannot Exercise Personal Jurisdiction Over Mr. Hurley with Regard to IEC's Lanham Act and Unfair Competition Claims

#### 1. IEC Has Failed to Show that this Court Has Jurisdiction Under Ohio's Long-Arm Statute

IEC also has failed to establish that Mr. Hurley is subject to personal jurisdiction under Ohio's long-arm statute with respect to its Lanham Act and unfair competition claims.

First, IEC cannot establish jurisdiction under § (A)(1) of Ohio's long-arm statute. As explained above, Mr. Hurley does not transact business in this state in his individual capacity. (*See* 6/1/05 Hurley Aff. ¶¶ 1-7.) Further, IEC's Lanham Act and unfair competition claims do not—and cannot—arise out of any business Mr. Hurley transacted in Ohio. IEC's Lanham Act claims are based on two alleged acts of Mr. Hurley and Hurley Corporate: (1) the placement of Hurley Corporate labels on products IEC alleges that it manufactured; and (2) alleged misrepresentations to Hurley Corporate's distributors and end-users regarding Mr. Hurley's expertise and the role of Mr. Hurley and Hurley Corporate in the design and manufacture of goods allegedly designed and manufactured by IEC. (First Am. Compl. ¶¶ 17-18, 31-43.) Hurley Corporate, however, has never sold a product containing any parts or services from IEC to anyone in Ohio. (3/23/06 Hurley Aff., Ex. 1, ¶ 5.) Nor are any of Hurley Corporate's past or current distributors, other than IEC, located in Ohio. (*Id.* ¶ 4.) Accordingly, the only business

---

[3] IEC conceded this point in its prior opposition: "[W]hen [Mr. Hurley] claims to have rights in IEC's intellectual property, he makes those claims not on behalf of his companies, *but in his individual capacity only*. It is those claims and threats that Hurley personally made that give rise to IEC's declaratory judgment claim." (IEC's 7/5/05 Opp'n at 13 (emphasis in original); *see also id.* at 16.)

connection concerning IEC's alleged goods between Hurley Corporate and Ohio is through IEC—hardly the basis of IEC's Lanham Act and unfair competition claims.

IEC also cannot establish jurisdiction under § (A)(3) of Ohio's long-arm statute, which requires that a defendant "[cause] tortious injury by an act or omission in this state." Ohio Rev. Code Ann. § 2307.382(A)(3). Because Mr. Hurley and Hurley Corporate have never sold a product containing any parts or services from IEC to anyone in Ohio, and because none of Hurley Corporate's distributors, other than IEC, are located in Ohio, Mr. Hurley could not possibly have committed any of the alleged acts forming the basis of IEC's Lanham Act and unfair competition claims in Ohio. Mr. Hurley, therefore, cannot be subject to jurisdiction under § (A)(3).[4]

Finally, IEC cannot establish jurisdiction under § (A)(4) of Ohio's long arm statute. This provision allows a court to exercise jurisdiction over a defendant who: (1) causes tortious injury in Ohio; (2) by an act or omission outside of Ohio; if (3) the defendant regularly does or solicits business in Ohio, engages in other persistent conduct in Ohio, or derives substantial revenue from goods used or consumed or services rendered in Ohio. Ohio Rev. Code Ann. § 2307.382(A)(4). An injury for a Lanham Act violation or act of unfair competition occurs in the state where the defendant allegedly commits the acts of false designation of origin or false

[4] IEC's Lanham Act and unfair competition claims border on the frivolous. The overwhelming majority of Hurley Corporate's products are sold by private-label distributors and contain only those Hurley Corporate labels required for warranty purposes. (3/23/06 Hurley Aff., Ex. 1, ¶ 3.) Moreover, IEC's claims are meritless even assuming Hurley Corporate has sold thermal imaging systems containing IEC component parts goods without putting labels on the systems accrediting IEC. When a company, like Hurley Corporate, purchases goods from another company, like IEC, to create a final, integrated product, the company creating the final product cannot be held liable under the Lanham Act for failing to identify the maker of a component part because the company creating the final product is the maker of the good sold into the marketplace. *See Bretford Mfg., Inc. v. Smith System Mfg. Corp.*, 419 F.3d 576, 580-81 (7th Cir. 2005); *Roho, Inc. v. Marquis*, 902 F.2d 356, 360-61 (5th Cir. 1990).

advertising. *See Oasis Corp. v. Judd*, 132 F. Supp. 2d 612, 620-21 (S.D. Ohio 2001). Because Mr. Hurley and Hurley Corporate have never sold any product containing IEC's goods or services in Ohio, and because none of Mr. Hurley's distributors, other than IEC, are located in Ohio, Mr. Hurley has not caused an injury in Ohio. Mr. Hurley, moreover, does not regularly solicit business in Ohio, engage in any other persistent conduct in Ohio, or derive substantial revenue from any goods used or consumed or services rendered in Ohio. (3/23/06 Hurley Aff., Ex. 1, ¶ 6.)

**2. This Court Cannot Exercise Jurisdiction Over Mr. Hurley with Regard to IEC's Lanham Act and Unfair Competition Claims Under Constitutional Principles of Due Process**

With regard to its Lanham Act and unfair competition claims, IEC argues that Mr. Hurley's personal involvement in the allegedly wrongful acts committed by Hurley Corporate subject him to jurisdiction in Ohio. (IEC's Opp'n at 6.) In support of this proposition, IEC relies on *Balance Dynamics*. In *Balance Dynamics*, however, the Sixth Circuit recognized that "jurisdiction over the individual officers of a corporation cannot be predicated merely upon jurisdiction over the corporation." 204 F.3d at 698 (quoting *Weller v. Cromwell Oil Co.*, 504 F.2d 927, 929 (6th Cir. 1974)). Instead, when an out-of-state corporate agent allegedly is personally involved in the alleged conduct giving rise to a claim, "the exercise of personal jurisdiction should depend on traditional notions of fair play and substantial justice; *i.e.*, whether she purposefully availed herself of the forum and the reasonably foreseeable consequences of that availment." *Id.* at 698; *see also Kemper*, 348 F. Supp. 2d at 901.

As explained in his opening brief in support of his renewed motion to dismiss, Mr. Hurley lacks any systematic and continuous contacts that would enable this Court to assert

general jurisdiction over him. *See City of Monroe Employees Retirement Sys. v. Bridgestone Corp.*, 399 F.3d 651, 665 (6th Cir. 2005) (defining general jurisdiction). Moreover, IEC's Lanham Act and unfair competition claims do not arise out of any limited contacts Mr. Hurley has with Ohio. Mr. Hurley and Hurley Corporate have never sold a product containing any goods or services from IEC into Ohio, and none of Hurley Corporate's distributors, other than IEC, are located in Ohio. Accordingly, this Court cannot, consistent with constitutional principles of due process, exercise specific personal jurisdiction over Mr. Hurley. *See Kemper*, 348 F. Supp. 2d at 901 (explaining that a cause of action must arise from the defendant's activities in the forum state for a court to exercise specific personal jurisdiction over the defendant); *Judd*, 132 F. Supp. 2d at 622 (explaining that "an action is deemed not to have arisen from the defendant's contacts with the forum state when those contacts are unrelated to the operative facts of the controversy").

**C. IEC's Complaints Regarding Discovery**

In its current opposition, IEC complains that Hurley Corporate and Mr. Hurley have failed to respond to discovery requests that IEC claims would support this Court's exercise of jurisdiction over Mr. Hurley. IEC's back-door motion to compel is disingenuous and lacks merit.

IEC first complains that Mr. Hurley has failed to respond to a request for all documents that evidence Mr. Hurley's claim that he is a co-inventor of any of IEC's intellectual property.[5] (IEC's Opp'n at 7.) As an initial matter, IEC did not seek expedited discovery when the issue of this Court's jurisdiction over Mr. Hurley for purposes of IEC's claim for declaratory judgment previously was briefed. The issues have not changed; indeed, IEC has largely relied on the same arguments it made in its previous opposition to Mr. Hurley's motion to dismiss.[6] (*See* IEC's Opp'n at 4-5.)

It also is unclear how Mr. Hurley's response to a discovery request seeking documents evidencing his claim that he is a co-inventor of certain of IEC's intellectual property would assist this Court in the jurisdictional inquiry. As explained above, the only jurisdictional "hook" IEC has over Mr. Hurley with regard to its declaratory judgment claim are e-mails and telephone calls Mr. Hurley allegedly made to IEC in Ohio. IEC already has possession of Mr. Hurley's

[5] Mr. Hurley has objected to the discovery requests IEC has directed at him because he is concerned that, if he participates in discovery prior to the resolution of his motion to dismiss, he will waive his personal jurisdiction defense. *See generally* 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1391, at 515-16 (3d ed. 2004) ("Furthermore, a party can be held to have waived a defense listed in Rule 12(h)(1) through conduct, such as extensive participation in the discovery process or other aspects of the litigation of the case even if the literal requirements of Rule 12(h)(1) have been met, although the case are far from uniform on the subject; the result seems to turn on the particular circumstances of an individual case."). If this Court were to conclude that Mr. Hurley's participation in discovery will not amount to a waiver of his personal jurisdiction defense, Hurley will respond to IEC's requests.

[6] IEC's complaints regarding Hurley Corporate and Mr. Hurley's failure to respond to discovery are cosmetic at best; IEC recently agreed to stay discovery pending the resolution of Mr. Hurley's motion to dismiss and Hurley Corporate's motion for partial summary judgment.

allegedly offending e-mails,[7] and IEC's principals already have submitted affidavits swearing to the content of their telephone conversations with Mr. Hurley.

IEC also complains that Hurley Corporate has failed to respond to: (1) discovery requests seeking documents or marketing material or advertising literature relating to Hurley Corporate's distribution of thermal imaging systems that contain component goods supplied by IEC; and (2) interrogatories seeking the names of Hurley Corporate's distributors and customers. First, Hurley Corporate has not wholly refused to respond to IEC's request for marketing and advertising documents; Hurley Corporate simply has refused to produce documents responsive to IEC's request that reveal the identity of Hurley Corporate's customers or distributors.[8] (Hurley Corporate's Response to IEC's Request for Production of Documents at 10.) Second, the discovery requests seeking the identity of Hurley Corporate's distributors and customers are only relevant to the jurisdiction inquiry if: (1) those distributors or customers are in Ohio; (2) those distributors or customers have received thermal imaging systems from Hurley Corporate that include IEC's component parts; and (3) Mr. Hurley individually participated in an alleged violation of the Lanham Act with respect to those parts. As Mr. Hurley's attached affidavit makes clear, Hurley Corporate has never sold a thermal imaging system into Ohio that contains

[7] In fact, IEC has attached the e-mails it contends allow this Court to exercise personal jurisdiction over Mr. Hurley as exhibits to the affidavits its principals submitted in opposition to Mr. Hurley's original motion to dismiss. Moreover, Hurley Corporate has already produced to IEC all correspondence between the parties that Hurley Corporate has in its possession.

[8] IEC also has refused to respond to a number of Hurley Corporate's discovery requests on the grounds that IEC does not want to share confidential and proprietary business information. The parties currently are discussing ways to exchange this type of information.

any goods made by IEC; nor are any of Hurley Corporate's distributors, other than IEC, located in Ohio. (3/23/06 Hurley Aff., Ex. 1, ¶¶ 4-5.)

## III. CONCLUSION

For the above reasons, as well as those in his opening Memorandum in Support of his Renewed 12(b)(2) Motion to Dismiss, Mr. Hurley respectfully requests that this Court grant his motion to dismiss those claims asserted against him in his individual capacity in Counts IV, V, VI, and VII of IEC's First Amended Complaint.

Respectfully submitted,

/s/ Hugh E. McKay
Hugh E. McKay (0023017)
PORTER WRIGHT MORRIS & ARTHUR LLP
925 Euclid Avenue, Suite 1700
Cleveland, Ohio 44115-1483
Telephone: 216.443.9000
Facsimile: 216.443.9011
hmckay@porterwright.com
hstrain@porterwright.com

James D. Mathias
John R. Wellschlager
Strider L. Dickson
DLA PIPER RUDNICK GRAY CARY US LLP
6225 Smith Avenue
Baltimore, Maryland 21209-3600
Telephone: 410.580.3000
Facsimile: 410.580.3001
james.mathias@dlapiper.com
john.wellschlager@dlapiper.com
strider.dickson@dlapiper.com

Attorneys for Defendant Thomas Hurley

**CERTIFICATE OF SERVICE**

I certify that on March 24, 2006 a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's system.

/s/ Hugh E. McKay
One of the Attorneys for Defendants