UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **INNOVATIVE ENGINEERING & CONSULTING CORP.,** | : | Case No. 1:05 cv 764 |
| | : | |
| Plaintiff, | : | **JUDGE KATHLEEN O'MALLEY** |
| | : | |
| v. | : | |
| | : | **ORDER** |
| **HURLEY & ASSOCIATES, INC.,** *et al.*, | : | |
| | : | |
| Defendants. | : | |

This matter arises on *Defendants' Rule 16(f) Motion for Sanctions* (Doc. 29). For the reasons outlined briefly below, that motion is **GRANTED**.

**I.    BACKGROUND**

Defendants' motion seeks monetary sanctions against Plaintiff for allegedly violating court orders in connection with its conduct during a court-sponsored mediation held on November 21, 2005 before Magistrate Judge Patricia Hemann ("Judge Hemann"). Judge Hemann is the magistrate judge assigned to this case.[1] Principally, Defendants allege that an appropriate Plaintiff-representative (*i.e.*, per the Court's orders, an individual or individuals with full settlement authority) did not attend the mediation, thereby violating this Court's *Case Management Plan* and Judge Hemann's October 25, 2005 *Standing Order*, and causing both the Defendants (who had traveled to attend the mediation) and Judge Hemann to waste valuable time participating in what amounted to a useless exercise.

---

[1] While the motion is directed only toward Plaintiff and not its counsel, Federal Rule of Civil Procedure 16(f) permits the Court to sanction a party and/or counsel on its own initiative.

In response, Plaintiff filed a two-paragraph opposition brief (Doc. 31) denying – though without providing any explanation – the accusation that it had violated this Court's orders. Claiming that the purpose of the Defendants' motion was only to inconvenience Plaintiff and suggest that Judge Hemann had taken a negative view of Plaintiff's claims during the mediation, Plaintiff justified the brevity of its response by saying it was refusing to "rise to [the Defendants'] bait." In that regard, while it is true that Plaintiff technically "opposed" Defendants' motion, it provided nothing in support of that opposition. In so far as there was nothing of substance to which they could reply, Defendants did not file a reply brief.

Thereafter, and because she was best-suited to assess the Defendants' motion, the Court referred the motion to Judge Hemann.[2] At Judge Hemann's suggestion, the Court simultaneously ordered the parties to participate in a second mediation (Doc. 32) before Judge Hemann in the hope of fostering meaningful settlement discussions and possibly mooting the issue of sanctions. This time, the Court specifically ordered that all four "partners / owners" of the Plaintiff-company attend the mediation. In anticipation of this second session, and with this Court's approval, Judge Hemann contacted counsel for both sides to confirm that their respective clients would be willing to negotiate in good faith and move from their prior settlement positions if doing so was reasonable and necessary toward resolution of the parties' disputes. Upon learning that Plaintiff was unwilling to change its prior cash demand, and based on Defendants' view it would not negotiate under those circumstances, Judge Hemann cancelled the second mediation.

---

[2] The Court's referral was made pursuant to 28 U.S.C. § 636 and Local Rule 72.1. *See* Doc. 36. The referral order did not specify whether the referral was made under Federal Rule of Civil Procedure 72(a) or (b), which has become a source of argument between the parties in so far the standard of this Court's review of Judge Hemann's recommendation is different under either subsection of that rule.

Upon cancellation of the second mediation, Judge Hemann considered the parties' submissions, undoubtedly reflected upon her first-hand knowledge of the events at issue, and issued a *Report and Recommendation* ("R&R") (Doc. 42) recommending that this Court grant Defendants' motion. Specifically, Judge Hemann recommends sanctions against Plaintiff and its counsel in an amount that reasonably compensates Defendants for the seven (7) hours they and their counsel spent at the mediation conference. Because the mediation was court-ordered, Judge Hemann recommends that Defendants not be reimbursed for travel costs incurred.

After the R&R issued, Plaintiff deemed the matter worthy of substantive attention. Initially, as if to suggest that revisiting the issue would lead to a change in Judge Hemann's description of the events she observed first-hand, Plaintiff filed a motion to refer the case back to Judge Hemann so that she could reconsider her recommendation <u>after Plaintiff had an opportunity</u> to clear up her "serious misunderstanding of the facts and circumstances." While the Court granted Plaintiff an extension with regard to its deadline to file objections to the R&R, it denied Plaintiff's request that the matter be resubmitted to Judge Hemann.[3] Plaintiff later filed objections to the R&R (Doc. 54) and the Defendants responded (Doc. 50). This matter is now ripe for this Court's consideration.

## II. DISCUSSION

This matter is unique in two noteworthy respects. First, the R&R recommending sanctions was authored by a judicial officer who witnessed the primary events giving rise to the underlying

---

[3] While the Court did not issue a written order explaining its denial of Plaintiff's request to have the matter resubmitted to Judge Hemann, the Court's decision in large part was based on the fact Plaintiff had sacrificed its opportunity to "clear up" any misunderstandings when it elected not to file a substantive opposition to Defendants' motion. The Court believed, moreover, that the tenor of the request indicated a lack of respect for Judge Hemann – something the Court refused to condone by acceding to the request to force Judge Hemann to revisit the issue.

motion. As a result, as the Defendants accurately point out, the R&R is entitled to significant deference (if not absolute deference) to the extent it conclusions are based on first-hand observations. To the extent Plaintiff's objections simply present an alternate version of the events or challenge the substance of statements Judge Hemann heard (especially those made by Plaintiff or its counsel), such objections simply present a credibility contest between Plaintiff (and its counsel) and Judge Hemann. Since the primary grounds upon which Judge Hemann based her recommendation rest upon her first-hand observations, Plaintiff's objections face an uphill battle.

Second, as described above, Defendants' underlying motion essentially was unopposed. As such, Plaintiff's objections to the R&R, which relate largely (if not completely) to the same description of the facts and circumstances set forth in the underlying motion (*i.e.*, the description at issue is not novel to the R&R), arguably were waived when Plaintiff chose not to respond substantively to the motion. Presumably because it was only the Defendants' point of view at the time, Plaintiff elected to forego a substantive response claiming that it refused to "rise to [the Defendants'] bait." All that has changed from then to now, however, is the identity of the person describing Plaintiff's (and counsel's) conduct – *i.e.*, Judge Hemann. Suddenly, the same description is now worthy of a response.

Given these circumstances, and in the exercise of its discretionary authority, this Court reasonably could: (1) afford absolute deference to the R&R and summarily adopt it; and/or (2) disregard *in toto* Plaintiff's objections and summarily adopt the R&R as unopposed. It is with these considerations in mind that the Court reviews Plaintiff's objections.

### A. Standard of Review

As a threshold matter, the parties dispute the standard by which this Court's should review

the R&R. Though the Court's conclusions herein likely would be the same under any standard, the Court briefly resolves the parties' debate because the manner in which the Plaintiff presents its argument further supports the R&R's conclusion that Plaintiff's (and counsel's) conduct is troubling.

Citing Federal Rule 72(b), Plaintiff argues that the Court's review of the R&R is *de novo*. Citing Federal Rule 72(a), Defendants argue that the Court may set aside the R&R's findings only if they are *clearly erroneous or contrary to law*. As Defendants accurately point out, the nature of the motion to which a magistrate judge's decision (or R&R) relates determines which of Rule 72's two subsections applies. Subsection "(a)" pertains to non-dispositive motions. Subsection "(b)" pertains to dispositive motions.

In so far as Defendants' motion for sanctions does not seek dismissal of Plaintiff's claims, under no set of circumstances can it be characterized as "dispositive." As such, Rule 72(a) is the only applicable rule governing the Court's referral. Yet, though failing to provide any reason for doing so, Plaintiff prefaces its objections by summarily asserting that Rule 72(b) applies and the Court "must" review the R&R *de novo.* Clearly, Plaintiff would prefer a *de novo* review. Plaintiff's seeming attempt to mislead the Court into believing that it must engage in such a review, however, without even proffering a cognizable basis for Rule 72(b)'s applicability, is troublesome at best. In light of the allegations in the underlying motion, it is also instructive.

Simply, in so far as the underlying motion that was referred to Judge Hemann is nondispositive, Federal Rule 72(a) is the appropriate authority for determining the applicable standard of review. The Court notes, moreover, that it would be inclined to provide substantial deference to Judge Hemann's findings under any standard of review because her conclusions are premised to a large extent on her personal observations of the parties' conduct during the mediation before her.

5

### B. Plaintiff's Objections and Defendants' Responses

As indicated above, the majority of Plaintiff's objections dispute Judge Hemann's description of events she observed first-hand. Though a variety of other tangential issues are addressed, principally Judge Hemann based her recommendation on the simple conclusion that Plaintiff failed to send an individual (or individuals) with full settlement authority to the mediation, <u>thereby violating this Court's orders</u>. In addition to her general observations of that day's events (over a 7 hour period), which included numerous phone calls by the two principals that attended to the other two who did not, Judge Hemann indicates in her R&R that she "was told that all four of the [Plaintiff's 'partners'] had to agree to a settlement and that the telephone calls were conducted for [that] purpose." *See* Doc. 42 at 6.[4] While, Plaintiff's affidavits do not challenge that such a statement was made, Plaintiff's objections argue that if anyone represented that all four "partners" needed to approve a settlement, that representation was erroneous.

At the end of the day, on this fundamental issue, the Court is faced with a "he said, she said" dispute between Judge Hemann and Plaintiffs, who (as noted above) have displayed even throughout the briefing on the instant motion a seemingly irreverent attitude toward the process. Under these circumstances, the Court deems it appropriate to defer to Judge Hemann's findings. This inclination is bolstered, moreover, by this Court's interactions with counsel at the Case Management Conference where the Court informed Plaintiff's counsel that Plaintiff's litigation posture – whether or not legally

---

[4] This fact both prolonged the mediation process and assured that key players in the negotiation would be shielded both from the judicial officer's neutral evaluations of the case and from the inconvenience of spending the day working through the process. Plaintiff's failure to appear as ordered was particularly troubling, moreover, given the distance Defendants' representatives and lead counsel traveled to comply with the Court's orders.

viable – seemed wholly illogical from a business perspective. It was based on this observation that the Court indicated its intention to require all individuals involved in making <u>business decisions</u> for the parties to participate in a mediation before a judicial officer.

Despite the foregoing, certain of Plaintiff's objections on various tangential (yet important) matters warrant brief attention. Plaintiff objects to the R&R's conclusion that Plaintiff did not engage in good faith negotiations based on: (1) the timing of its motion to amend the Complaint; (2) the fact it filed a motion to compel discovery (and the timing of its filing); and (3) the tone and content of an e-mail sent by Plaintiff's counsel to Defendants' lead counsel on the eve of the mediation.[5] As to each of these items, Plaintiff (and Plaintiff's counsel) argues that, with regard to the motions, it had the right to file what it did, and, with regard to the e-mail, counsel was attempting only to interject humor into an exchange with Defendants' local counsel, with whom Plaintiff's counsel asserts he has a warm and long-standing relationship.

While Plaintiff may be able to make a straight-faced argument that its conduct (or its counsel's conduct) does not expressly evidence "bad faith" in connection with the negotiations at the mediation, it cannot make a straight-faced argument that the same conduct, on the whole, cannot reasonably be characterized as "suspect." Indeed, Plaintiff's conduct following the filing of the sanctions motion provides meaningful insight into Plaintiff's prior intentions.

---

[5] Several days prior to the mediation session, Plaintiff's counsel, Anthony LaCerva, sent an e-mail to Defendants' lead counsel, John Wellschlager. It read:

> *John - - I was out and just now finished reading your letter. My thoughts are: I wonder why you asked for the mediation conference and why you are coming to Cleveland. As far as we're concerned, we don't want to waste our time or our client's money. Let me know promptly what you think. If you want to call it off, let's do so now. If you still want to come, make sure there's money in one of your suitcases.*

7

In the first place, Plaintiff's motion to compel discovery was filed in violation of Local Rule 37 and was denied on that ground on November 22, 2005. All parties were instructed at the Case Management Conference (and in the *Case Management Plan*) that the Court strictly adheres to Local Rule 37's discovery dispute procedures and that motions to compel are not to be filed in the first instance when discovery issues arise. In so far as Plaintiff's motion to compel – as well as its motion for leave to amend – were filed within days of each other, and within 10 days of the mediation, it certainly is reasonable to infer that the filing of those motions (irrespective of a "right" to file them – which is not the case, in any event, with regard to the motion to compel) was meant to apply pressure to Defendants prior to the mediation. Indeed, Plaintiff states in its objections that counsel hoped that the First Amended Complaint "would help facilitate settlement of the case." Doc. 54 at 6.

In so far as the e-mail is concerned, certainly nothing on its face indicates that it was a humorous exchange between old friends, as Plaintiff suggests. Rather, on its face, the e-mail suggest the exact opposite because it was not directed to Defendants' local counsel. While local counsel did receive the e-mail (by "cc"), it was directed to Defendants' lead counsel, who Plaintiff's counsel did not know prior to this litigation. Regardless, Plaintiff's counsel is not an inexperienced attorney and should know better than to make such statements, even in jest. Counsel's belated attempt to explain away his questionable behavior is unpersuasive.

Plaintiff's remaining objections all relate to Judge Hemann's characterizations of the negotiations that took place during the mediation session and the interactions she had with counsel following the Court's directive that a second mediation effort be pursued (again, all of which are based on her first-hand observations). Clearly, Judge Hemann believes that neither Plaintiff, nor its

8

counsel, entered into the mediation session with the intent to negotiate in good faith and, despite substantial efforts by the Court, they never altered their posture. Given the foregoing, the Court defers to Judge Hemann's recommendation and adopts the findings set forth in the R&R.

## III. CONCLUSION

For the foregoing reasons, the Court **ADOPTS** the findings outlined in Judge Hemann's *Report and Recommendation* (Doc. 42). In conformity with those findings, *Defendants' Rule 16(f) Motion for Sanctions* (Doc. 29) is **GRANTED**.

**Within ten (10) days of the date of this Order**, counsel for Defendants shall submit to the Court *in camera* an affidavit (with supporting records) reflecting the fees and expenses incurred in connection with preparing for, and attending, the November 21, 2005 mediation session. Despite Judge Hemann's recommendation to the contrary, Defendants' submission may include travel expenses incurred for counsel and Defendants to attend the November 21, 2005 mediation. Upon receipt and consideration of these materials, the Court will determine: (1) the appropriate amount of the sanction to be imposed; and (2) against whom the sanction shall be imposed. The Court then will issue a separate order reflecting its determinations.

**IT IS SO ORDERED.**

                                                            s/Kathleen M. O'Malley
                                                            **KATHLEEN McDONALD O'MALLEY**
                                                            **UNITED STATES DISTRICT JUDGE**

**Dated: August 22, 2006**